**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
*Plaintiff-Appellee*,

v.

FRANCISCO JIMENEZ-ARZATE,
*Defendant-Appellant*.

No. 12-50373

D.C. No.
3:12-cr-01421-LAB-1

ORDER AND
AMENDED
OPINION

Appeal from the United States District Court
for the Southern District of California
Larry A. Burns, District Judge, Presiding

Argued and Submitted
November 19, 2014—Pasadena, California

Filed January 12, 2015
Amended March 30, 2015

Before: Andrew J. Kleinfeld and Kim McLane Wardlaw,
Circuit Judges, and Matthew F. Kennelly, District Judge.[*]

Order;
Per Curiam Opinion

---

[*] The Honorable Matthew F. Kennelly, District Judge for the U.S.
District Court for the Northern District of Illinois, sitting by designation.

## SUMMARY[**]

### Criminal Law

The panel amended an opinion, filed January 12, 2015, affirming a sentence for illegal reentry after deportation; denied a petition for panel rehearing; and denied on behalf of the court a petition for rehearing en banc, in a case in which the district court found that the defendant's prior conviction for violation of California Penal Code § 245(a)(1) is categorically a crime of violence for federal sentencing purposes.

The panel rejected the defendant's contention that *United States v. Grajeda*, 581 F.3d 1186 (9th Cir. 2009), which held that a conviction under § 245(a)(1) is categorically a crime of violence, is no longer good law in light of *People v. Aznavoleh*, 148 Cal. Rptr. 3d 901 (Ct. App. 2012), and *People v. Wyatt*, 229 P.3d 156 (Cal. 2010).

The panel held that *Ceron v. Holder*, 747 F.3d 773 (9th Cir. 2014) (en banc), does not abrogate *Grajeda*. The panel observed that *Ceron*, which addresses whether a § 245(a)(1) conviction is categorically a crime of moral turpitude, does not address the question of whether a § 245(a)(1) conviction is categorically a crime of violence; and that *Ceron*, which relied exclusively on the identical language from *People v. Williams*, 29 P.3d 197 (Cal. 2001), that is quoted in *Grajeda*, does not clearly indicate a different interpretation of the mens rea requirement for § 245(a)(1) than that set forth in *Grajeda*.

---

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

The panel held that there was justification for the district court's exercise of discretion in imposing supervised release.

## COUNSEL

Vincent J. Brunkow (argued), Kara Lee Hartzler, Federal Defenders of San Diego, Inc., San Diego, California, for Defendant-Appellant.

Laura E. Duffy, United States Attorney, Bruce R. Castetter, Assistant United States Attorney, Chief, Appellate Section, Criminal Division, Andrew R. Haden (briefed), Assistant United States Attorney, and Mark R. Rehe (argued), Andrew R. Haden, United States Attorney's Office, San Diego, California, for Plaintiff-Appellee.

## ORDER

The opinion filed on January 12, 2015, and appearing at 776 F.3d 662, is amended as follows:

On Opinion page 664, replace the paragraph beginning "*Ceron v. Holder*, 747 F.3d 773 (9th Cir.2014) (en banc), addresses the question" with the following:

> *Ceron v. Holder*, 747 F.3d 773 (9th Cir. 2014) (en banc), does not abrogate *Grajeda*'s holding that a conviction under § 245(a)(1) is categorically a crime of violence. *Grajeda*, 581 F.3d at 1197. *Ceron* addresses the question of whether a conviction under California Penal Code § 245(a)(1) is

categorically a crime of moral turpitude. It does not address the question of whether a conviction under § 245(a)(1) is categorically a crime of violence. Furthermore, in *Ceron*, we discussed the mens rea requirement for § 245(a)(1), relying exclusively on the California Supreme Court's opinion in *Williams*, 29 P.3d at 202–03. *Ceron*, 747 F.3d at 779, 784. However, the identical language from *Williams* is also quoted in *Grajeda*. *See Grajeda*, 581 F.3d at 1194. Accordingly, *Ceron* does not clearly indicate a different interpretation of the mens rea requirement for § 245(a)(1) than that set forth in *Grajeda*.

With the opinion thus amended, the panel has voted unanimously to deny the petition for rehearing. Judge Wardlaw has voted to deny the petition for rehearing en banc, and Judges Kleinfeld and Kennelly recommended denial.

The full court has been advised of the petition for rehearing and no active judge of the court has requested a vote on whether to rehear the matter en banc. Fed. R. App. P. 35.

The petition for rehearing and petition for rehearing en banc is **DENIED**. No further petitions for rehearing or petitions for rehearing en banc will be entertained.

**OPINION**

PER CURIAM:

Francisco Jimenez-Arzate pleaded guilty to having illegally re-entered the United States after having previously been deported. The district court sentenced him to 34 months in prison and three years of supervised release. He timely appeals his sentence.

Jimenez-Arzate argues that the district court erred in finding that his prior conviction for violation of California Penal Code § 245(a)(1) is categorically a crime of violence for federal sentencing purposes. He contends that *United States v. Grajeda*, 581 F.3d 1186 (9th Cir. 2009), is no longer good law in light of *People v. Aznavoleh*, 148 Cal. Rptr. 3d 901 (Ct. App. 2012), and *People v. Wyatt*, 229 P.3d 156 (Cal. 2010). Jimenez-Arzate also argues that *Ceron v. Holder*, 747 F.3d 773 (9th Cir. 2014) (en banc), abrogates *Grajeda*.

We disagree. *Aznavoleh* involved a defendant who intentionally ran a red light while racing another car down the street even though he saw a car entering the intersection on the green. *People v. Aznavoleh*, 148 Cal. Rptr. 3d 901, 905, 908 (Ct. App. 2012). The defendant made no effort to stop despite a passenger warning him that he needed to stop. *Id.* at 904. The California Court of Appeal upheld the trial court's finding that the defendant met the willfulness element of assault under California Penal Code § 245(a)(1), which the California Court of Appeal defined as intentionality. *Id.* at 906.

*Wyatt* involved a father who, while play wrestling with his infant son, struck the boy with such force that he killed

him.  *People v. Wyatt*, 229 P.3d 156, 157 (Cal. 2010).  The *Wyatt* court upheld the father's conviction for involuntary manslaughter and assault on a child causing death because "substantial evidence established that defendant knew he was striking his young son with his fist, forearm, knee, and elbow, and that he used an amount of force a reasonable person would realize was likely to result in great bodily injury."  *Id.* As did the California Court of Appeal in *Aznavoleh*, the California Supreme Court in *Wyatt* explained that "a defendant guilty of assault must be aware of the facts that would lead a reasonable person to realize that a battery would directly, naturally and probably result from his conduct.  He may not be convicted based on facts he did not know but should have known."  *Id.* at 159 (quoting *People v. Williams*, 29 P.3d 197, 203 (Cal. 2001)).

Contrary to Jimenez-Arzate's argument, *Aznavoleh* did not hold that an automobile accident stemming from merely reckless driving may result in a conviction under § 245(a)(1). The defendant in *Aznavoleh* engaged in street racing, heedlessly disregarding a perceived likelihood of death or grave injury to others.  Likewise, in *Wyatt*, a reasonable person would have recognized the dangers of striking a child with the deadly force used, even if the defendant was not subjectively aware of the risks of his "play wrestling" with the child in that manner.

*Ceron v. Holder*, 747 F.3d 773 (9th Cir. 2014) (en banc), does not abrogate *Grajeda*'s holding that a conviction under § 245(a)(1) is categorically a crime of violence.  *Grajeda*, 581 F.3d at 1197.  *Ceron* addresses the question of whether a conviction under California Penal Code § 245(a)(1) is categorically a crime of moral turpitude.  It does not address the question of whether a conviction under § 245(a)(1) is

categorically a crime of violence.  Furthermore, in *Ceron*, we discussed the mens rea requirement for § 245(a)(1), relying exclusively on the California Supreme Court's opinion in *Williams*, 29 P.3d at 202–03.  *Ceron*, 747 F.3d at 779, 784. However, the identical language from *Williams* is also quoted in *Grajeda*.  *See Grajeda*, 581 F.3d at 1194.  Accordingly, *Ceron* does not clearly indicate a different interpretation of the mens rea requirement for § 245(a)(1) than that set forth in *Grajeda*.

Jimenez-Arzate also argues that the district court abused its discretion in imposing a term of supervised release because he would be deported as an illegal alien upon his release.  Here, the district court made an individualized finding that supervised release was warranted because of Jimenez-Arzate's consistent history of sneaking back into the United States after deportation.  The district court specifically noted that Jimenez-Arzate had previously been deported three times and that "[t]he three wags of fingers in his face saying 'stay out, stay out or you're going to be subject to prosecution' didn't do any good."  The district judge also noted that he "can't trust [Jimenez-Arzate's] assurance he's not going to come back" because "[h]e probably gave that assurance on three prior occasions, and yet he's back again committing crimes."  The district judge concluded that supervised release was necessary to protect the public and deter Jimenez-Arzate from returning to the United States. There was justification for the district court's exercise of discretion in imposing supervised release.

**AFFIRMED.**