NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

SEP 1 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-50544 |
| Plaintiff - Appellee, | D.C. No. 2:12-cr-01053-R |
| v. | |
| GOSADA MUNOZ, a.k.a. Tiny, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Manuel L. Real, District Judge, Presiding

Submitted August 25, 2015[**]

Before:    McKEOWN, CLIFTON, and HURWITZ, Circuit Judges.

Gosada Munoz appeals the 60-month sentence imposed following his guilty-plea conviction for being a felon in possession of firearms and ammunition, in violation of 18 U.S.C. § 922(g)(1). We have jurisdiction under 28 U.S.C. § 1291, and we vacate and remand for resentencing.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Munoz contends that the district court violated Federal Rule of Criminal Procedure Rule 32(i)(1)(A) by failing to verify that he had reviewed and discussed the presentence report with counsel. The record reflects, and the government acknowledges, that the court failed to comply with Rule 32(i)(1)(A). *See United States v. Soltero*, 510 F.3d 858, 862-63 (9th Cir. 2007). Munoz represents that he did not have the opportunity to review the revised presentence report materials and identifies arguments that he would have presented to the court if he had been given the opportunity. Accordingly, we cannot say that the error was harmless. *See id*. at 863. We, therefore, vacate and remand for resentencing.

Because it will be relevant on remand, we also address Munoz's contention that the district court erred by determining that his prior conviction for assault with a deadly weapon is a crime of violence under U.S.S.G. § 2K2.1(a)(2). Munoz's argument is foreclosed. *See United States v. Grajeda*, 581 F.3d 1186, 1197 (9th Cir. 2009) (assault with a deadly weapon, in violation of California Penal Code § 245(a)(1), "is categorically a crime of violence"). Contrary to Munoz's contention, the holding of *Grajeda* was not abrogated by *Ceron v. Holder*, 747 F.3d 773 (9th Cir. 2014) (en banc). *See United States v. Jimenez-Arzate*, 781 F.3d 1062, 1064 (9th Cir. 2015) (per curiam).

**VACATED and REMANDED for resentencing.**

13-50544