
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LEONEL RIVAS-DURAN, | No. 13-72245 |
| Petitioner, | Agency No. A043-431-491 |
| v. | |
| LORETTA E. LYNCH, Attorney General | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted June 7, 2016
Pasadena, California

Before: GOULD, MELLOY,[**] and HURWITZ, Circuit Judges.

Leonel Rivas-Duran, a native and citizen of El Salvador, petitions for review

of the dismissal by the Board of Immigration Appeals ("BIA") of his appeal of an

order of removal. Rivas-Duran challenges the denial of his applications for asylum,

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The Honorable Michael J. Melloy, Senior Circuit Judge for the U.S.
Court of Appeals for the Eighth Circuit, sitting by designation.

withholding of removal, and deferral of removal under the Convention Against Torture ("CAT"). Our jurisdiction is governed by 8 U.S.C. § 1252. "We review the BIA's denials of asylum, withholding of removal, and CAT relief for substantial evidence," *Garcia-Milian v. Holder*, 755 F.3d 1026, 1031 (9th Cir. 2013), and we review questions of law de novo, *Vilchez v. Holder*, 682 F.3d 1195, 1198 (9th Cir. 2012). We dismiss the petition in part and deny in part.

Rivas-Duran was convicted by a jury of assault with a deadly weapon, in violation of California Penal Code section 245(a)(1), and was sentenced to three years in prison. This conviction is an aggravated felony and forms a basis for removal under 8 U.S.C. § 1227(a)(2)(A)(iii). *See United States v. Grajeda*, 581 F.3d 1186, 1192 (9th Cir. 2009) (holding that assault with a deadly weapon is categorically a crime of violence); 8 U.S.C. § 1101(a)(43)(F) (defining an aggravated felony as a crime of violence); *see also United States v. Jimenez-Arzate*, 781 F.3d 1062, 1064–65 (9th Cir. 2015) (per curiam) (reaffirming the holding of *Grajeda*). Rivas-Duran presents three arguments on appeal. We consider each in turn.

First, Rivas-Duran argues that the IJ and the BIA erred in concluding that he is ineligible for withholding of removal because he was convicted of a particularly serious crime. We do not have jurisdiction to review the agency's particularly serious crime determination. *See* 8 U.S.C. § 1252(a)(2)(C) (establishing a bar on judicial

review of "any final order of removal against an alien who is removable by reason of having committed [certain crimes]"). Rivas-Duran has not presented any constitutional claims or questions of law that would enable us to review his petition in this respect. *See* 8 U.S.C. § 1252(a)(2)(D). We note that the agency applied the proper standard by examining the factors set forth in *In re Frentescu*, 18 I. & N. Dec. 244 (B.I.A. 1982), but we cannot re-weigh these factors. *Pechenkov v. Holder*, 705 F.3d 444, 448 (9th Cir. 2012). Further, although the agency considered the merits of Rivas-Duran's applications for relief, the BIA noted that these findings merely provided an alternate basis for denial. *See Pechenkov*, 705 F.3d at 448 (permitting the Court to exercise its jurisdiction where "an IJ denies relief *on the merits*, for failure to demonstrate the requisite factual grounds for relief, rather than in reliance on the conviction"). Therefore, we dismiss this portion of Rivas-Duran's petition.

Second, Rivas-Duran argues that the BIA erred in finding that he did not contest the IJ's finding that he was ineligible for asylum due to his conviction. However, Rivas-Duran does not point to any section of his BIA brief (nor could we locate any) that would support his contention. "A petitioner's failure to raise an issue before the BIA generally constitutes a failure to exhaust." *Sola v. Holder*, 720 F.3d 1134, 1135 (9th Cir. 2013) (per curiam). As such, this claim is unexhausted and we do not have jurisdiction to review it. *See id.* ("This court may review a final order of removal only

-3-

if 'the alien has exhausted all administrative remedies available to the alien as of right.'" (quoting 8 U.S.C. § 1252(d)(1))). Therefore, we dismiss this portion of Rivas-Duran's petition.

Finally, Rivas-Duran argues that the IJ and the BIA erred in denying relief on the merits of his petitions for asylum, withholding of removal, and protection under the CAT. As discussed above, we do not have jurisdiction to review Rivas-Duran's withholding of removal and asylum claims. However, we maintain jurisdiction to review Rivas-Duran's claim for deferral of removal under the CAT. *See Edu v. Holder*, 624 F.3d 1137, 1141–42 (9th Cir. 2010) ("[T]he jurisdiction-stripping provision of 8 U.S.C. § 1252(a)(2)(C) does not deprive us of jurisdiction over denials of deferral of removal under the CAT, which are always decisions on the merits."). We conclude that substantial evidence supports denying Rivas-Duran deferral of removal under the CAT, as nothing in the record compels a conclusion contrary to the IJ's decision. *See Ling Huang v. Holder*, 744 F.3d 1149, 1152 (9th Cir. 2014). In particular, as noted by the IJ and the BIA, Rivas-Duran's assertions that he will be tortured in El Salvador appear to be based on speculation. Accordingly, we deny this portion of the petition.

**PETITION DISMISSED IN PART, DENIED IN PART.**