**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JOEL ESTUARDO TARACENA-FUNES,
AKA Joel Estuardo Taracena,

Petitioner,

v.

LORETTA E. LYNCH, Attorney General,

Respondent.

No.    13-74132

Agency No. A077-293-995

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 18, 2017[**]

Before:    TROTT, TASHIMA, and CALLAHAN, Circuit Judges.

Joel Estuardo Taracena-Funes, a native and citizen of Guatemala, petitions

for review of the Board of Immigration Appeals' ("BIA") order dismissing his

appeal from an immigration judge's decision finding him removable and denying

his applications for asylum, withholding of removal and protection under the

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Convention Against Torture ("CAT").  We have jurisdiction under 8 U.S.C.

§ 1252.  We review de novo questions of law, *Coronado v. Holder*, 759 F.3d 977,

982 (9th Cir. 2014), and review for substantial evidence the denial of CAT relief,

*Silaya v. Mukasey*, 524 F.3d 1066, 1070 (9th Cir. 2008).  We deny the petition for

review.

Taracena-Funes' contention that his conviction under California Penal Code

§ 245(a)(1) is not categorically an aggravated felony is foreclosed by this court's

holdings in *United States v. Grajeda*, 581 F.3d 1186, 1191-97 (9th Cir. 2009) and

*United States v. Jimenez-Arzate*, 781 F.3d 1062, 1065 (9th Cir. 2015).  In the

absence of an intervening Supreme Court or en banc decision, "[a] three-judge

panel cannot reconsider or overrule circuit precedent."  *Avagyan v. Holder*, 646

F.3d 672, 677 (9th Cir. 2011).

The agency applied the correct standard in determining that Taracena-Funes'

conviction was a particularly serious crime that rendered him ineligible for

withholding of removal.  *See Matter of N-A-M-*, 24 I. & N. Dec. 336, 342 (BIA

2007) ("[W]e examine the nature of the conviction, the type of sentence imposed,

and the circumstances and underlying facts of the conviction."); *Anaya-Ortiz v.*

*Holder*, 594 F.3d 673, 678 (9th Cir. 2010) (deferring to the BIA's approach to

particularly serious crime determinations in *Matter of N-A-M-*); 8 U.S.C. §§ 1229a(c)(4)(A)(i), 1231(b)(3)(B)(ii).

Contrary to Taracena-Funes' contention, the BIA did not err in considering the nature of his subsequent probation violation. *See Anaya-Ortiz*, 594 F.3d at 678 (all reliable information may be considered in a particularly serious crime determination); *cf. Avendano-Hernandez v. Lynch*, 800 F.3d 1072, 1078 (9th Cir. 2015) (the agency erred in treating a violation of probation as a sentencing enhancement of alien's original sentence in making the particularly serious crime determination).

The record does not support Taracena-Funes' contention that the BIA treated his conviction as a per se category of particularly serious crime.

Taracena-Funes' contends that, under *Moncrieffe v. Holder*, 133 S.Ct. 1678 (2013), and *Medina-Lara v. Holder*, 771 F.3d 1106 (9th Cir. 2014), he should not have been required to provide evidence that would not have been permitted under the modified categorical approach to establish that he had not been convicted of a particularly serious crime. However, this contention is unavailing because those cases relate to the categorical and modified categorical approaches to disqualifying crimes and do not concern the discretionary particularly serious crime determination.

13-74132

Contrary to Taracena-Funes' contention, the BIA did not have to address his eligibility for withholding of removal on the merits, where the BIA's particularly serious crime determination was dispositive. *See Simeonov v. Ashcroft*, 371 F.3d 532, 538 (9th Cir. 2004).

Substantial evidence supports the agency's denial of deferral of removal under the CAT, where the record does not compel the conclusion that it is more likely than not Taracena-Funes will be tortured by or with the consent or acquiescence of the government if removed to Guatemala. *See Silaya*, 524 F.3d at 1073. Taracena-Funes' contention that the agency insufficiently considered his CAT claim is not supported by the record. *See Najmabadi v. Holder*, 597 F.3d 983, 990 (9th Cir. 2010); *Cole v. Holder*, 659 F.3d 762, 771 (9th Cir. 2011) (the BIA is not required to "discuss each piece of evidence submitted").

**PETITION FOR REVIEW DENIED.**

13-74132