**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUN 16 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 15-50441 |
| Plaintiff-Appellee, | |
| v. | D.C. No. 2:14-cr-00739-RGK-1 |
| JUAN MANUEL MARTINEZ GONZALEZ, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
R. Gary Klausner, District Judge, Presiding

Submitted June 6, 2017[**]
Pasadena, California

Before:  GRABER, SACK,[***] and MURGUIA, Circuit Judges.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes that this case is suitable for decision without oral argument.  Fed. R. App. P. 34(a)(2).

[***] The Honorable Robert D. Sack, United States Circuit Judge for the Court of Appeals for the Second Circuit, sitting by designation.

Defendant Juan Manuel Martinez Gonzalez appeals his conviction for illegal reentry, in violation of 8 U.S.C. § 1326, and challenges his 51-month sentence. We affirm.

1. As the government concedes, the 2013 expedited removal proceedings violated Defendant's due process rights because he received the Notice of Intent to Issue a Final Administrative Removal Order at about the same time as the Final Administrative Removal Order, thus depriving him of the 10-day rebuttal period provided by 8 C.F.R. § 238.1(b)(2)(i). But, for his due process argument to succeed, Defendant must show prejudice. United States v. Valdez-Novoa, 780 F.3d 906, 914 (9th Cir. 2015). Contrary to his argument, Immigration and Customs Enforcement did not act ultra vires; it had the authority to enter a Final Administrative Removal Order, but simply failed to follow the proper procedure. In that circumstance, Defendant still must show prejudice. See Kohli v. Gonzales, 473 F.3d 1061, 1069 (9th Cir. 2007) (noting that, to argue successfully that an alleged defect in notice compromised the immigration court's jurisdiction, the petitioner had to show an effect on her rights). Defendant suffered no prejudice because his conviction of California Penal Code § 245(a)(1) was categorically a "crime of violence" under 18 U.S.C. § 16(a) and, therefore, an "aggravated felony" for immigration purposes. 8 U.S.C. § 1101(a)(43)(F); United States v. Jimenez-

Arzate, 781 F.3d 1062, 1065 (9th Cir. 2015) (per curiam). Thus, he had no effective rebuttal to offer.

2. The district court's limitation on cross-examination of Officer Sarte concerning Agent Doe's disciplinary history was not an abuse of discretion. See United States v. Fryberg, 854 F.3d 1126, 1131 (9th Cir. 2017) (discussing standard of review). Even if the ruling was erroneous, any error did not materially affect the verdict. See United States v. Gonzalez-Flores, 418 F.3d 1093, 1099 (9th Cir. 2005) (discussing harmlessness). Agent Doe's disciplinary history was not particularly probative on the issue of his accuracy or truthfulness, and significant other evidence corroborated Agent Doe's statement that Defendant was not a United States citizen. Among other things, Defendant's birth certificate showed that he was born in Mexico, he listed his nationality as "Mexican" on two detainee request forms, and he referred to Mexico as "my country." Because the excluded evidence was only minimally probative, and because Defendant had other means to try to show that he was a United States citizen, the court's ruling did not deprive Defendant of his right to present a defense.

3. Because Defendant failed to challenge the procedural reasonableness of his sentence at the district court, we review only for plain error. United States v. Doe, 705 F.3d 1134, 1153 (9th Cir. 2013). The record shows that the sentencing

3

court correctly calculated the Guidelines range and that the court considered and responded to Defendant's arguments. The district court's explanation of the sentence imposed was not plainly erroneous.

4. Finally, Defendant argues that his sentence is substantively unreasonable because the Sentencing Commission later reduced the applicable Guidelines range for Defendant's crime. Notwithstanding the subsequent revision, the question for us is whether the court abused its discretion in light of the facts in the record bearing on the statutory sentencing factors. United States v. Autery, 555 F.3d 864, 871–73 (9th Cir. 2009). We find no abuse of discretion, in light of the reasons the court gave for the sentence selected and in light of its departure downward for cultural assimilation.

**AFFIRMED.**