**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUL 5 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| UNITED STATES OF AMERICA, | No.  19-50172 |
| Plaintiff-Appellee, | D.C. No. 3:18-cr-03507-LAB-1 |
| v. | |
| CESAR PAZ-NEGRETE, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Larry A. Burns, District Judge, Presiding

Argued and Submitted June 14, 2023
Pasadena, California

Before:  BYBEE and CHRISTEN, Circuit Judges, and FITZWATER,[**] District Judge.

Defendant-Appellant Cesar Paz-Negrete appeals his conviction, following a

jury trial, for illegal reentry in violation of 8 U.S.C. § 1326.  The district court

denied Paz-Negrete's pre-trial motion to dismiss the indictment on the ground that

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The Honorable Sidney A. Fitzwater, United States District Judge for the Northern District of Texas, sitting by designation.

his underlying deportation was invalid. *See United States v. Martinez-Hernandez*, 932 F.3d 1198, 1202–03 (9th Cir. 2019) (providing that a defendant charged with illegal reentry can collaterally attack the validity of his underlying removal order). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

1. Paz-Negrete first argues that his deportation was invalid because his Notice to Appear (NTA) lacked the time and date of his removal hearing, depriving the immigration court of jurisdiction. This argument is foreclosed by our en banc decision in *United States v. Bastide-Hernandez*, which held that "the failure of an NTA to include time and date information does not deprive the immigration court of subject matter jurisdiction." 39 F.4th 1187, 1188 (9th Cir. 2022) (en banc), *cert. denied*, 143 S. Ct. 755 (2023).

2. Next, Paz-Negrete asserts his deportation was invalid because he was removed in violation of a magistrate judge's (MJ's) order in his separate habeas proceedings in the Central District of California. There, the MJ entered an order stating that "[w]here the Petitioner challenges a final order of removal, Respondent SHALL NOT remove Petitioner prior to the resolution of this action without providing reasonable notice to the Court." Despite that order, the government deported Paz-Negrete without notice shortly after this court denied Paz-Negrete's motion to stay removal in his immigration appeal.

Paz-Negrete characterizes the MJ's order as a "stay of removal" and cites *Singh v. Waters*, 87 F.3d 346 (9th Cir. 1996), and *United States v. Fermin-Rodriguez*, 5 F. Supp. 2d 157 (S.D.N.Y. 1998), to argue that "deportation in violation of a stay of removal renders the deportation legally invalid." But the defendants in those cases were deported in violation of formal stay orders issued by an immigration court and a court of appeals. *Singh*, 87 F.3d at 347; *Fermin-Rodriguez*, 5 F. Supp. 2d at 160. Here, by contrast, the MJ's order did not purport to stay Paz-Negrete's removal but instead merely required notice. There was no final removal order when the MJ entered the order requiring notice, and after the final removal order was entered, notice to the MJ would not have allowed for a different outcome because district courts lack jurisdiction to review removal orders. *See* 8 U.S.C. § 1252(a)(5). We therefore conclude that, while regrettable, the government's decision to deport Paz-Negrete without notice did not render the deportation invalid for purposes of § 1326.

3. Last, Paz-Negrete argues he was improperly found removable because his California Penal Code § 245(a)(1) conviction for assault with a deadly weapon does not constitute an aggravated felony. *See* 8 U.S.C. § 1227(a)(2)(A)(iii). As explained in the concurrently filed memorandum disposition addressing Paz-Negrete's immigration appeal, *see Paz-Negrete v. Garland*, No. 16-73889, binding

3

authority establishes that a § 245(a)(1) conviction constitutes an aggravated felony because it falls within the generic federal definition of "crime of violence." *See* 8 U.S.C. §§ 16(a), 1101(a)(43)(F); *United States v. Vasquez-Gonzalez*, 901 F.3d 1060, 1065–68 (9th Cir. 2018); *United States v. Grajeda*, 581 F.3d 1186, 1189–97 (9th Cir. 2009). We therefore conclude the immigration court properly found Paz-Negrete removable based on his § 245(a)(1) conviction.[1]

**AFFIRMED.**

---

[1] Paz-Negrete suggests in the alternative that this panel certify to the California Supreme Court the question "whether the mens rea for assault involves an intentional use of violent force." Certification is not necessary because there is already binding Ninth Circuit authority holding that assault under California law requires more than negligent or reckless conduct and that assault with a deadly weapon "is violent in nature." *Grajeda*, 581 F.3d at 1192–96; *see also Safaryan v. Barr*, 975 F.3d 976, 985 (9th Cir. 2020); *Velasquez-Gonzalez*, 901 F.3d at 1066–68; *United States v. Jimenez-Arzate*, 781 F.3d 1062, 1063–65 (9th Cir. 2015) (per curiam).