**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

APR 15 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| NESTOR SALVADOR BULNES MEJIA, | No.    18-72378 |
| Petitioner, | Agency No. A070-067-283 |
| v. | |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 7, 2020[**]

Before:     TASHIMA, BYBEE, and WATFORD, Circuit Judges.

Nestor Salvador Bulnes Mejia, a native and citizen of El Salvador, petitions

for review of the Board of Immigration Appeals' order dismissing his appeal from

an immigration judge's decision denying his application for asylum, withholding

of removal, and relief under the Convention Against Torture ("CAT"). We have

jurisdiction under 8 U.S.C. § 1252. We review de novo whether a conviction is an

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

aggravated felony. *Ramirez-Villalpando v. Holder*, 645 F.3d 1035, 1038 (9th Cir. 2011). We review for abuse of discretion the agency's particularly serious crime determination and review for substantial evidence the agency's denial of CAT relief. *Konou v. Holder*, 750 F.3d 1120, 1124, 1127 (9th Cir. 2014). We deny the petition for review.

Bulnes Mejia's conviction under California Penal Code ("CPC") § 211 is an aggravated felony, as "specific intent to steal is an essential element of § 211 robbery." *United States v. Martinez-Hernandez*, 932 F.3d 1198, 1206 (9th Cir. 2019). Thus, the agency did not err in concluding that Bulnes Mejia is not eligible for asylum. *See* 8 U.S.C. § 1158(b)(2)(A)(ii), (B)(i).

The agency did not abuse its discretion in determining that Bulnes Mejia's CPC § 211 conviction is a particularly serious crime that bars him from withholding of removal. The agency correctly identified the applicable standard and analyzed the nature of the conviction, the sentence imposed, and the underlying facts and circumstances of the offense. *See Arbid v. Holder*, 700 F.3d 379, 385 (9th Cir. 2012) (no abuse of discretion where agency reviewed conviction itself, the underlying facts of the conviction, the sentence, and petitioner's testimony). The record does not support Bulnes Mejia's contention that the agency did not consider his mental incapacity at the time of the crime.

Substantial evidence supports the agency's denial of CAT relief because

Bulnes Mejia did not establish that it is more likely than not he would be tortured if returned to El Salvador.  *See Zheng v. Holder*, 644 F.3d 829, 835-36 (9th Cir. 2011) (claims of possible torture were speculative).

**PETITION FOR REVIEW DENIED.**