FOR PUBLICATION

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
*Plaintiff-Appellee*,

v.

JOSUE MARTINEZ-HERNANDEZ,
*Defendant-Appellant*.

No.16-50423

D.C. No.
3:15-cr-02876-JAH-1

Appeal from the United States District Court
for the Southern District of California
John A. Houston, District Judge, Presiding

UNITED STATES OF AMERICA,
*Plaintiff-Appellee*,

v.

OSCAR CARCAMO-SOTO,
*Defendant-Appellant*.

No.17-50295

D.C. No.
3:16-cr-02253-H-1

ORDER AND
AMENDED OPINION

Appeal from the United States District Court
for the Southern District of California
Marilyn L. Huff, District Judge, Presiding

Argued and Submitted November 8, 2018
Pasadena, California

Filed January 9, 2019
Amended July 25, 2019

Before:  Johnnie B. Rawlinson, Michael J. Melloy,[*]
and Andrew D. Hurwitz, Circuit Judges.

Order;
Opinion by Judge Hurwitz

---

## SUMMARY[**]

---

### Criminal Law

The panel filed (1) an order amending its opinion, denying petitions for panel rehearing, and denying petitions for rehearing en banc on behalf of the court; and (2) an amended opinion affirming two defendants' convictions for illegal reentry in violation of 8 U.S.C. § 1326 in cases in which the defendants had been deported after immigration officers determined that their prior convictions for robbery in violation of California Penal Code § 211 were for "crimes of violence" and thus constituted aggravated felonies under 8 U.S.C. § 1101(a)(43)(F).

---

[*] The Honorable Michael J. Melloy, United States Circuit Judge for the U.S. Court of Appeals for the Eighth Circuit, sitting by designation.

[**] This summary constitutes no part of the opinion of the court.  It has been prepared by court staff for the convenience of the reader.

In district court, the defendants collaterally attacked their underlying removal orders, claiming that their removal orders were invalid because § 211 robbery was no longer treated as a crime of violence under recent Ninth Circuit decisions.  The district courts denied the motions, reasoning that even if § 211 robbery were not a "crime of violence" aggravated felony under § 1101(a)(43)(F), it still was a theft offense under 8 U.S.C. § 1101(a)(43)(G).

On appeal, the government conceded, and the panel held, that in light of subsequent case law, the defendants' robbery convictions do not today qualify as "crimes of violence" under § 1101(a)(43)(F), and that the current state of Circuit law governs the defendants' collateral attacks of their removal orders.   The panel nevertheless affirmed the convictions because the district courts in both cases correctly held that § 211 robbery qualifies as a generic theft offense under § 1101(a)(43)(G), and thus is an aggravated felony under 8 U.S.C. § 1227(a)(2)(A)(iii).

## COUNSEL

Doug Keller (argued), Federal Defenders of San Diego, Inc., San Diego, California, for Defendants-Appellants.

Daniel Earl Zipp (argued), Assistant United States Attorney; Helen H. Hong, Assistant United States Attorney, Chief, Appellate Section, Criminal Division; Robert S. Brewer Jr., United States Attorney; United States Attorney's Office, San Diego, California; for Plaintiff-Appellee.

Richard Frankel, Attorney; John Lang, Student Counsel; Federation Litigation and Appeals Clinic, Drexel University Kline School of Law, Philadelphia, Pennsylvania; for Amici

Curiae Immigration Law Professors and Immigration Law Clinics.

Kari Hong, Ninth Circuit Appellate Program, Boston College Law School, Newton, Massachusetts, for Amici Curiae American Immigration Lawyers Association and Florence Immigrant and Refugee Rights Project.

Hilary Potashner, Federal Public Defender, Office of the Federal Public Defender, Los Angeles, California, for Amici Curiae Ninth Circuit Federal and Community Defenders.

---

## ORDER

The opinion filed on January 9, 2019, and published at 912 F.3d 1207, is amended by the opinion filed concurrently with this order.

With these amendments, the panel has voted to deny the petitions for panel rehearing. Judges Rawlinson and Hurwitz have also voted to deny the petitions for rehearing en banc, and Judge Melloy so recommends.

The full court has been advised of the petitions for rehearing en banc and no judge has requested a vote on whether to rehear the matters en banc. Fed. R. App. P. 35.

The petitions for panel rehearing and rehearing en banc, Dkt. 46 (17-50295) and 49 (16-50423), are **DENIED**.

No additional petitions for rehearing will be entertained.

**OPINION**

HURWITZ, Circuit Judge:

Josue Martinez-Hernandez and Oscar Carcamo-Soto (the "Defendants") are Mexican citizens; each entered the United States without inspection while young. Years later, each Defendant was convicted of robbery in violation of California Penal Code ("CPC") § 211. Upon completion of their prison terms, both Defendants were deported to Mexico after immigration officers determined that their robbery convictions were for "crimes of violence"—and thus constituted aggravated felonies under 8 U.S.C. § 1101(a)(43)(F).

After returning to the United States, both defendants were convicted of illegal reentry in violation of 8 U.S.C. § 1326. In these consolidated appeals, they collaterally attack their removal orders, arguing that a conviction under CPC § 211 no longer qualifies under § 1101(a)(43)(F) as a crime of violence. We agree with that argument. But that agreement avails the Defendants little, because the district courts in both cases correctly held that § 211 robbery qualifies as a generic theft offense under 8 U.S.C. § 1101(a)(43)(G), and thus is an aggravated felony under 18 U.S.C. § 1227(a)(2)(A)(iii). We therefore affirm the Defendants' convictions.

**I.**

Martinez pleaded guilty to robbery in violation of CPC § 211 in 2004 and was sentenced to five years imprisonment. Carcamo pleaded guilty to CPC § 211 robbery in 2009 and received a three-year sentence. After release from prison, each Defendant was served with a Notice of Intent to Issue a Final Administrative Removal Order ("Notice") and placed

in expedited removal proceedings pursuant to 8 U.S.C. § 1228.  The materially identical Notices alleged that each Defendant had (1) entered the United States "without inspection, admission, or parole by an immigration officer," and (2) been later convicted of robbery in violation of CPC § 211.  The Notices stated that the named Defendant was deportable under 8 U.S.C. § 1227(a)(2)(A)(iii) "because you have been convicted of an aggravated felony as defined in . . . 8 U.S.C. § 1101(a)(43)(F)."   After hearings before immigration officers, both Defendants were ordered to be deported to Mexico.

Both Defendants later reentered the country, and were individually charged with violating 8 U.S.C. § 1326.  They each filed motions to dismiss pursuant to 8 U.S.C. § 1326(d), claiming that their removal orders were invalid because CPC § 211 robbery was no longer treated as a crime of violence under recent Ninth Circuit decisions.  The district courts denied the motions, reasoning that even if CPC § 211 robbery were not a "crime of violence" aggravated felony under § 1101(a)(43)(F), it still was a "theft offense" aggravated felony under § 1101(a)(43)(G).   Carcamo entered into a conditional plea agreement allowing him to appeal the denial of his § 1326(d) motion.  Martinez initially entered a guilty plea, but later withdrew it, and appealed the denial of his § 1326(d) motion.  We have jurisdiction over the Defendants' consolidated appeals under 28 U.S.C. §1291, and review the denial of a motion to dismiss under 8 U.S.C. § 1326(d) de novo.  *United States v. Cisneros-Rodriguez*, 813 F.3d 748, 755 (9th Cir. 2015).

## II.

A defendant charged with illegal reentry in violation of 8 U.S.C. § 1326 may "bring a collateral attack challenging

the validity of his underlying removal order, because that order serves as a predicate element of his conviction." *United States v. Ochoa*, 861 F.3d 1010, 1014 (9th Cir. 2017). A successful collateral attack requires proof not only of a deficiency in the original removal process, but also that "the entry of the order was fundamentally unfair." 8 U.S.C. § 1326(d)(2)–(3). "An underlying removal order is 'fundamentally unfair' if: (1) a defendant's due process rights were violated by defects in his underlying deportation proceeding, and (2) he suffered prejudice as a result of the defects." *United States v. Ubaldo-Figueroa*, 364 F.3d 1042, 1048 (9th Cir. 2004) (internal alteration omitted).

**A.**

The Defendants were removed under 8 U.S.C. § 1227(a)(2)(A)(iii), which applies to an "alien who is convicted of an aggravated felony at any time after admission." Under § 1101(a)(43)(F) an "aggravated felony" is a "crime of violence" as defined in 18 U.S.C. § 16, for which the term of imprisonment is at least one year. A crime of violence under 18 U.S.C. § 16 includes, as relevant in this case, "an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another." 18 U.S.C. § 16(a).[1]

When the Defendants were removed, we treated a robbery conviction under CPC § 211 as a crime of violence

---

[1] The so-called "residual clause" in 18 U.S.C. § 16(b) also defines a "crime of violence" as "any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." Section 16(b) was held unconstitutionally vague in *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018), and is not at issue in this case.

under § 1101(a)(43)(F).  *See Nieves-Medrano v. Holder*, 590 F.3d 1057, 1057–58 (9th Cir. 2010).  But, in 2011, the California Supreme Court clarified that CPC § 211 can be violated by the accidental use of force.  *See People v. Anderson*, 252 P.3d 968, 972 (Cal. 2011).  We therefore subsequently held that a CPC § 211 conviction is not categorically a violent felony as defined in the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(1).  *United States v. Dixon*, 805 F.3d 1193, 1197–98 (9th Cir. 2015).

The ACCA defines a "violent felony" as one that "has as an element the use, attempted use, or threatened use of physical force against the person of another."  18 U.S.C. § 924(e)(2)(B)(i). The definition of a crime of violence in 18 U.S.C. § 16(a) is materially indistinguishable, and the government has therefore wisely conceded that the defendants' robbery convictions do not today qualify as "crimes of violence" under 8 U.S.C. § 1101(a)(43)(F).  The government has also correctly conceded that the current state of Circuit law governs the Defendants' collateral attacks of their removal orders.  *See United States v. Aguilera-Rios*, 769 F.3d 626, 633 (9th Cir. 2014) (noting in this context that "statutory interpretation opinions are fully retroactive.").

## B.

But, the government's concessions, while helpful, merely start our inquiry. A successful collateral attack requires proof that "entry of the order was fundamentally unfair."  8 U.S.C. § 1326(d)(3).  Thus, the Defendants must therefore "demonstrate that prejudice resulted" from a defect in the administrative process.  *United States v. Garcia-Martinez*, 228 F.3d 956, 963 (9th Cir. 2000).

**1.**

The Notices characterized the Defendants' CPC § 211 convictions as aggravated felonies because they constituted "crimes of violence" as defined in 8 U.S.C. 1101(a)(43)(F). The district courts in these cases instead found the § 211 convictions to be aggravated felonies because they were theft offenses, as defined in 8 U.S.C. § 1101(a)(43)(G). The Defendants first argue that we may not consider whether their CPC § 211 convictions qualify as aggravated felonies for a reason other than the one specified in their Notices.

The Defendants rely on the settled premise that, when considering a petition for review of a decision of the Bureau of Immigration Appeals, we "have no power to affirm the BIA on a ground never charged by the [government] or found by the IJ." *Al Mutarreb v. Holder*, 561 F.3d 1023, 1029 (9th Cir. 2009). But, this case arrives in a quite different procedural posture than our direct review of BIA decisions. In addressing petitions for review, our inquiry is limited to determining whether the agency decision is supported by substantial evidence or the BIA made an error of law. *See Morgan v. Mukasey*, 529 F.3d 1202, 1206 (9th Cir. 2008). If the agency erred, we lack the power to tell it to reach the same result for a different reason, as we would be substituting our judgment for that of the executive with respect to the discretionary decision to afford relief from removal. *See Gomez-Lopez v. Ashcroft*, 393 F.3d 882, 884 (9th Cir. 2005) (noting that judicial review is precluded "with respect to decisions that constitute an exercise of the Attorney General's discretion."); *Regents of the Univ. of Cal. v. U.S. Dep't of Homeland Sec.*, 908 F.3d 476, 494 (9th Cir. 2018) ("[T]he APA also forecloses judicial review under its procedures to the extent that agency action is

committed to agency discretion by law.") (internal quotation omitted).

Here, however, we do not directly review executive agency action. Rather, we consider appeals from district court orders rejecting collateral attacks on prior executive orders. In this context, the central issue for decision is whether a defendant "was removed when he should not have been." *Aguilera-Rios*, 769 F.3d at 630 (quoting *United States v. Camacho-Lopez*, 450 F.3d 928, 930 (9th Cir. 2006)). If a violation of CPC § 211 is categorically a theft offense under 8 U.S.C. § 1101(a)(43)(G), the very convictions cited in the Notices would plainly have provided a statutory basis for their removals.

Defendants argue that because the Notices cited 8 U.S.C. § 1101(a)(43)(F)—the provision governing crimes of violence—rather than § 1101(a)(43)(G), which governs theft offenses, they are invalid. The argument relies on our decision in *United States v. Ochoa-Oregel*, 904 F.3d 682 (9th Cir. 2018), for the proposition that once error in the original removal is established, the government cannot later argue that the Defendants could have been removed on other grounds. But that case, although containing language which when taken in isolation supports the Defendants' arguments, is fundamentally different than these cases. In *Ochoa-Oregel*, a legal permanent resident was first ordered removed in 2008 in absentia, but this Court found he was denied due process because he "did not receive notice of either his in absentia removal hearing or of his ability to file a motion to reopen such proceedings." *Id.* at 684. Ochoa was again ordered removed in 2011 for presenting false entry documents, but this Court concluded that the "due process defects in the erroneous 2008 removal proceeding infect the 2011 removal," by stripping Ochoa "of the

important legal entitlements that come with lawful permanent resident status through a legally erroneous decision that he . . . had no meaningful opportunity to contest." *Id.* at 685.

The government argued that Ochoa was not prejudiced by the defects in the prior removal orders because "he was an aggravated felon, who could have been removed anyway, and who would have been denied discretionary relief, including withdrawal of his application for admission." *Id.* But, no prior notice alleged removability on that basis, and the panel rejected that argument, noting that "even if the government might have been able to remove him on other grounds through a formal removal proceeding, his removal on illegitimate grounds is enough to show prejudice." *Id.* at 685–86.

Here, however, the defendants were not denied procedural due process or removed on "illegitimate grounds." The grounds for the removals were their § 211 convictions. The government offers no alternative justification for removal today, but merely argues that even if the original statutory citation making the convictions a basis for removal had been made retroactively inapplicable, the same convictions require removal under a different section of the same statute previously invoked. Unlike Ochoa, who was deprived of the important protections of legal permanent resident status through removal proceedings that violated due process, the Defendants long ago admitted their § 211 convictions. The only issue before us today is

whether those convictions justified the Defendants' removals.[2]

**2.**

We therefore turn to whether a § 211 conviction qualifies as a "theft offense" under § 1101(a)(43)(G), which is purely a question of law. *See Menendez v. Whitaker*, 908 F.3d 467, 471 (9th Cir. 2018). Even if the Defendants did not have occasion to address that legal question at the time of their removals, they have thoroughly done so today. If CPC § 211 robbery is an aggravated felony under § 1101(a)(43)(G), the Defendants will have suffered no real prejudice from any inability to address the issue in their original removal proceedings.

To determine whether a CPC § 211 conviction qualifies as a "theft offense" under § 1101(a)(43)(G) and thus is an aggravated felony under 8 U.S.C.§ 1227(a)(2)(A)(iii), we apply the "categorical" approach, under which we "compare the elements of the statute forming the basis of the defendant's conviction with the elements of the generic crime." *United States v. Alvarado-Pineda*, 774 F.3d 1198, 1202 (9th Cir. 2014) (internal quotation omitted). "We have defined generic 'theft' as a taking of property or an exercise of control over property without consent with the criminal intent to deprive the owner of the rights and benefits of ownership." *Id*. (internal quotations and citations omitted).

---

[2] *United States v. Valdivia-Flores*, 876 F.3d 1201 (9th Cir. 2017), upon which the Defendants also rely, is inapposite. Valdivia was removed because of a Washington conviction for possession of heroin, and this Court held that the state crime was not categorically an aggravated felony. *Id.* at 1208–09. The government did not suggest that the conviction provided a ground for removal under another statutory provision.

"Generic theft, in other words, requires (1) the taking of (2) property (3) without consent (4) with the intent to deprive the owner of rights and benefits of ownership."  *Id*. (internal quotations and citations omitted).

CPC § 211 in turn defines robbery as "the felonious taking of personal property in the possession of another, from his person or immediate presence, and against his will, accomplished by means of force or fear."  We have not addressed in a published opinion whether CPC § 211 robbery is categorically a generic theft offense under 8 U.S.C. § 1101(a)(43)(G).**[3]**  But, in *Alvarado-Pineda*, we held that a virtually identical Washington statute, which prohibited the "tak[ing of] personal property from the person of another or in his or her presence against his or her will," was a categorical theft offense.  774 F.3d at 1202–03 (alteration in original) (citing Wash. Rev. Code § 9A.56.190).  We stressed that although "the statute does not explicitly provide that specific intent to steal is an element of the crime, the state courts have so held."  *Id*. at 1202.  And, we noted the accepted rule that robbery is "larceny . . . plus two additional requirements: that the property be taken from the victim's presence, and that the taking be accomplished by means of force or fear."  *Id*. at 1203 (citing 3 Wayne R. LaFave, *Substantive Criminal Law* § 20.3 (2d ed. 2003)) (internal quotations omitted).

---

**[3]** A recent memorandum disposition held that CPC § 211 robbery is categorically a § 1101(a)(43)(G) theft offense. *Pena-Rojas v. Sessions*, 724 F. App'x 622, 623 (9th Cir. 2018); *see also United States v. Guzman-Ibarez*, 792 F.3d 1094, 1097–99 (9th Cir. 2015) (holding, but without applying a categorical analysis, that an immigration judge correctly determined in 1999 that a conviction under CPC § 211 was a theft offense).

The elements of CPC § 211 robbery are indistinguishable from those in the Washington robbery statute addressed in *Alvarado-Pineda*.   The California Supreme Court, like its Washington counterpart, has made clear that specific intent to steal is an essential element of § 211 robbery.  *See Anderson*, 252 P.3d at 972; *People v. Pollock*, 89 P.3d 353, 367 (Cal. 2004); *People v. Lewis*, 22 P.3d 392, 419 (Cal. 2001).  And, consistent with the general rule, the California Supreme Court has also described CPC § 211 as punishing "a species of aggravated larceny," elevated to robbery by proof that the taking was accomplished through force or fear and from the victim or in his presence.  *People v. Gomez*, 179 P.3d 917, 920 (Cal. 2008).

In an attempt to distinguish *Alvarado-Pineda*, the Defendants argue that one can be convicted of CPC § 211 robbery as an accessory after the fact, for example, by being a getaway driver.  The Defendants then contend, quoting *United States v. Vidal*, that "an accessory after the fact to theft cannot be culpable of generic theft."  504 F.3d 1072, 1080 (9th Cir. 2007) (en banc).  On analysis, however, the argument fails.

As we have previously noted, *Vidal* addressed an auto theft statute, California Vehicle Code § 10851(a), which expressly imposed liability on accessories after the fact. *See Verdugo-Gonzalez v. Holder*, 581 F.3d 1059, 1061–62 (9th Cir. 2009) (*Vidal* "examined . . . a statute that expressly included within its reach the actions of an accessory."). CPC § 211 has no such language. Moreover, "[t]here is a separate section in the California Penal Code, section 32, that specifically imposes criminal liabilities on accessories." *Id*. at 1602.  And, "[e]xcept in those relatively rare instances where the conduct of an accessory after the fact is included

within the criminal statute, as was the case in *Vidal*, California courts require prosecutions under an accessory after the fact theory of liability to be brought under section 32 of the California Penal Code." *Id.* Neither defendant here was charged under § 32.

Defendants also argue that because California courts have upheld convictions under § 211 of defendants who engaged only in asportation (taking) of property that had previously been forcibly taken from its owner, § 211 robbery is not generic theft. But, to be convicted of CPC § 211 robbery under any theory, a defendant "must form the intent to facilitate or encourage the commission of the robbery before or during the carrying away of the loot." *Gomez*, 179 P.3d at 921 (citing *People v. Cooper*, 811 P.2d 742, 748 (Cal. 1991)). And, anyone found guilty of CPC § 211 robbery must have engaged in the "exercise of control over property without consent with the criminal intent to deprive the owner of the rights and benefits of ownership." *See Alvarado-Pineda*, 774 F.3d at 1202. That is the classic definition of theft. *Id.*

## III.

For the reasons above, we **AFFIRM** the judgments of the district courts in these consolidated appeals.