**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JAN 6 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff-Appellee,<br><br>v.<br><br>RAUL GUZMAN-IBAREZ, AKA Raul Guzman, AKA Raul Ibarez Guzman, Jr., AKA Raul Ibarez, AKA Raul Guzman Ibarez, Jr., AKA Little Playboy, AKA Manuel Torres, AKA Miguel Duran Torres,<br><br>Defendant-Appellant. | No. 17-50141<br><br>D.C. No. 2:12-cr-00843-DMG-1<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Dolly M. Gee, District Judge, Presiding

Submitted December 12, 2019[**]
Pasadena, California

Before: BOGGS,[***] WARDLAW, and BEA, Circuit Judges.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable Danny J. Boggs, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

Raul Guzman-Ibarez ("Guzman"), a native and citizen of Mexico, appeals the district court's judgment reinstating his conviction and sentence for illegal reentry after deportation in violation of 8 U.S.C. § 1326. We review de novo a collateral attack on a prior deportation order in a prosecution under 8 U.S.C. § 1326. *United States v. Alvarado-Pineda*, 774 F.3d 1198, 1201 (9th Cir. 2014); *United States v. Vidal-Mendoza*, 705 F.3d 1012, 1014 (9th Cir. 2013). We may affirm the district court's denial of a motion to dismiss an indictment on any basis supported by the record. *United States v. Davis*, 336 F.3d 920, 922 (9th Cir. 2003).

1.      As Guzman concedes, our recent decision in *United States v. Martinez-Hernandez*, 932 F.3d 1198, 1205–07 (9th Cir. 2019), forecloses his argument that his robbery conviction under California Penal Code section 211 does not qualify as an aggravated felony. Accordingly, any error in the district court's failure to consider this issue was harmless.

2.      Guzman next argues that the district court erred in concluding that he was not prejudiced by the immigration judge's ("IJ") failure to advise him of the potential availability of discretionary relief under former 8 U.S.C. § 1182(c) (Immigration and Nationality Act § 212(c)). To establish prejudice, Guzman must demonstrate that he had "plausible grounds" for discretionary relief from removal. *United States v. Esparza-Ponce*, 193 F.3d 1133, 1136–37 (9th Cir. 1999).

Under procedures in effect at the time of Guzman's removal proceedings, an

IJ determined whether to provide relief under § 212(c) by balancing positive and negative factors. *Yepes-Prado v. INS*, 10 F.3d 1363, 1365–66 (9th Cir. 1993). Positive factors included: "1) family ties within the United States; 2) residence of long duration in this country (particularly when residence began at a young age); 3) hardship to the petitioner or petitioner's family if relief [was] not granted; 4) service in the United States armed forces; 5) a history of employment; 6) the existence of business or property ties; 7) evidence of value and service to the community; 8) proof of rehabilitation if a criminal record exists; 9) other evidence attesting to good character." *Id.* at 1366. Negative factors included the nature of the ground for deportation, additional violations of the immigration laws, a recent or serious criminal record, and other evidence of bad character. *Id.* When a defendant had committed a serious crime or demonstrated a pattern of serious criminality, he had to "make a heightened showing that his case present[ed] unusual or outstanding equities to warrant discretionary relief." *Id.*; *see United States v. Vasquez-Gonzalez*, 901 F.3d 1060, 1069 (9th Cir. 2018).

Here, Guzman would have had to make this heightened showing because the succession of his criminal acts, taken together, established a pattern of serious criminal misconduct. Guzman cited several positive factors warranting § 212(c) relief, such as his strong family ties within the United States; that his parents brought him to the United States at a young age; that his removal caused hardship for him

and his family; and that he worked various jobs since a young age. But most of the favorable evidence that Guzman submitted in the district court addressed events that occurred *after* he was deported in 1999, which are not relevant to the prejudice inquiry. Weighing the positive factors against the negative factors, it is not plausible that the IJ would have found that Guzman's case presented the "unusual or outstanding equities" necessary to warrant discretionary relief under § 212(c) given his extensive criminal history and the lack of evidence of rehabilitation. Guzman therefore was not prejudiced by the IJ's failure to advise him about the availability of potential § 212(c) relief.

Because Guzman's 1999 removal order was valid on account of his conviction for robbery under California Penal Code section 211, an aggravated felony, and he was not prejudiced by the IJ's failure to advise him of the potential availability of discretionary relief, the district court did not err in reinstating Guzman's conviction and sentence.

**AFFIRMED.**