**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAR 22 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

SAMATH DOUNG,

Petitioner,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No. 18-72536

Agency No. A025-299-112

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 16, 2021**

Before: GRABER, R. NELSON, and HUNSAKER, Circuit Judges.

Samath Doung, a native and citizen of Cambodia, petitions for review of the

Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's decision denying his motion to reopen removal proceedings.

Our jurisdiction is governed by 8 U.S.C. § 1252. We review for abuse of

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

discretion the denial of a motion to reopen. *Bonilla v. Lynch*, 840 F.3d 575, 581 (9th Cir. 2016). We review de novo questions of law, *id*., and due process claims in immigration proceedings, *Jiang v. Holder*, 754 F.3d 733, 738 (9th Cir. 2014). We deny in part and dismiss in part the petition for review.

The BIA did not abuse its discretion in denying Doung's motion to reopen as untimely, where he filed the motion over 12 years after his final order of deportation and Doung failed to show due diligence for equitable tolling of the filing deadline after an intervening change in law. *See* 8 C.F.R. § 1003.2(c)(2)-(3); *see also Lona v. Barr*, 958 F.3d 1225, 1230-32 (9th Cir. 2020) (changes in law can serve as a basis for tolling but a petitioner must show due diligence).

The BIA did not err in its conclusion that Doung's conviction is categorically an aggravated felony theft offense. *See United States v. Martinez-Hernandez*, 932 F.3d 1198, 1206-07 (9th Cir. 2019) (California Penal Code § 211 is categorically an aggravated felony theft offense). Doung's contention that the BIA erred in denying sua sponte reopening for failure to demonstrate exceptional circumstances does not otherwise raise a legal or constitutional error to invoke our jurisdiction. *See Bonilla*, 840 F.3d at 588 ("[T]his court has jurisdiction to review Board decisions denying *sua sponte* reopening for the limited purpose of reviewing the reasoning behind the decisions for legal or constitutional error."); *see also*

*Lona*, 958 F.3d at 1234-35 (BIA is not required to reopen proceedings sua sponte even in a situation involving a fundamental change in law).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**