**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

CRESCENCIO MENDOZA, AKA
Crescencio Mendoza-Carreon,

Defendant-Appellant.

Nos. 21-30018
        21-30019

D.C. Nos.   3:19-cr-00004-IM-1
                3:18-cr-00543-IM-1

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Oregon
Karin J. Immergut, District Judge, Presiding

Argued and Submitted February 17, 2022
San Francisco, California

Before:  GOULD and RAWLINSON, Circuit Judges, and ZIPPS,[**] District Judge.

Crescencio Mendoza-Carreon (Mendoza-Carreon) appeals the district

court's order denying his motion to dismiss an indictment alleging that he

unlawfully reentered the United States after being removed to Mexico, in violation

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The Honorable Jennifer G. Zipps, United States District Judge for the District of Arizona, sitting by designation.

of 8 U.S.C. § 1326. Mendoza-Carreon contends that dismissal of the indictment was warranted because he was deprived of due process during his removal hearing due to the Immigration Judge's (IJ's) failure to advise him of his eligibility for relief from removal and of his right to counsel, as well as the IJ's failure to develop the record and to make an asylum application available.

It is important to note at the outset that this is not an immigration case, but rather a challenge to a criminal conviction under § 1326(d). "In a criminal proceeding under 8 U.S.C. § 1326, [a noncitizen] may not challenge the validity of a removal order unless the [noncitizen] demonstrates that—(1) the [noncitizen] exhausted any administrative remedies that may have been available to seek relief against the order; (2) the removal proceedings at which the order was issued improperly deprived the [noncitizen] of the opportunity for judicial review; and (3) the entry of the order was fundamentally unfair." *United States v. Castellanos-Avalos*, 22 F.4th 1142, 1145 (9th Cir. 2022) (citation and alterations omitted).

Contrary to Mendoza-Carreon's assertions, the IJ sufficiently advised him of his eligibility to apply for relief from removal and of his right to counsel. *See United States v. Melendez-Castro*, 671 F.3d 950, 954 (9th Cir. 2012) (recognizing that due process requires that a noncitizen "be made aware that he has a right to

2

seek relief" from removal, which "includes providing [a noncitizen] with the opportunity to apply for relief") (citations and internal quotation marks omitted).

During the removal hearing, the IJ advised Mendoza-Carreon that he had "a right to be represented by a lawyer," and provided him with a "list of organizations that may be willing to represent [him] at low cost or no cost." After Mendoza-Carreon decided to proceed without legal representation, the IJ inquired if Mendoza-Carreon had "any fear of returning to Mexico." Mendoza-Carreon responded that he feared returning to Mexico because "they probably want the money back" for the "drugs that [he] lost." The IJ further inquired if Mendoza-Carreon "wish[ed] to have an opportunity to file an asylum application," and explained that "asylum, or withholding, or deferral of removal may allow [him] to remain in the United States." Mendoza-Carreon confirmed that he understood that he might be eligible for relief from removal, but reiterated that he did not want to file an asylum application. After Mendoza-Carreon declined to seek relief from removal, the IJ ordered Mendoza-Carreon removed to Mexico.

Based on the IJ's specific advisals concerning Mendoza-Carreon's potential eligibility for "asylum, or withholding, or deferral of removal," the IJ sufficiently "made [Mendoza-Carreon] aware that he ha[d] a right to seek relief." *Melendez-Castro*, 671 F.3d at 954 (citation omitted). Mendoza-Carreon

acknowledged that he understood that those forms of relief could "allow [him] to remain in the United States," but declined to file an asylum application.[1] Under these circumstances, the IJ sufficiently developed the record relevant to Mendoza-Carreon's fear of removal to Mexico, and properly advised Mendoza-Carreon that he could seek asylum, withholding of removal, or deferral of removal. *See Zamorano v. Garland*, 2 F.4th 1213, 1226-27 (9th Cir. 2021) (concluding that "the IJ did not violate his statutory duty to develop the record" because "[w]ith respect to asylum and withholding of removal, the IJ asked pertinent questions directed to determining whether [the noncitizen] was eligible for such relief based on a fear of persecution upon return to Mexico"). In sum, the removal order was not so "fundamentally unfair" as to require dismissal of the indictment under 8 U.S.C. § 1236(d). *United States v. Martinez-Hernandez*, 932 F.3d 1198, 1203 (9th Cir. 2019), *as amended* (citation omitted).[2, 3]

---

[1] Mendoza-Carreon points to no binding precedent requiring an IJ to make an application available even if the noncitizen has declined to seek asylum.

[2] Because Mendoza-Carreon fails to demonstrate that his removal order was fundamentally unfair, we need not and do not address whether he sufficiently exhausted available administrative remedies. *See United States v. Tello*, 600 F.3d 1161, 1167 n.6 (9th Cir. 2010) (declining to address "the various alternate grounds on which the government asks us to affirm").

[3] Because the district court properly denied Mendoza-Carreon's motion to dismiss the indictment, no basis exists to vacate the district court's revocation of

(continued...)

**AFFIRMED.**

---

[3](...continued)
supervised release based on Mendoza-Carreon's unlawful reentry conviction.

5