**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAR 28 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 19-50319 |
| Plaintiff-Appellee, | |
| v. | D.C. No. 3:19-cr-00550-BAS-1 |
| OSWALDO MANGAS, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Cynthia A. Bashant, District Judge, Presiding

Argued and Submitted February 7, 2022
Pasadena, California

Before: LIPEZ,** TALLMAN, and LEE, Circuit Judges.
Concurrence by Judge LEE.

Oswaldo Mangas appeals his conviction following a conditional guilty plea to

being a removed person found unlawfully in the United States, in violation of

8 U.S.C. § 1326. He argues that the district court erred in denying his motion to

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Kermit V. Lipez, United States Circuit Judge for the First Circuit, sitting by designation.

dismiss the indictment. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we reverse.

In 2009, Mangas was convicted of voluntary manslaughter under Cal. Penal Code § 192(a). He was placed in administrative removal proceedings[1] in 2010, on the basis that he was not a citizen or lawful permanent resident of the United States and that his voluntary manslaughter conviction was for a crime of violence constituting an aggravated felony. *See* 8 U.S.C. § 1227(a)(2)(A)(iii) ("Any alien who is convicted of an aggravated felony at any time after admission is deportable."); 8 U.S.C. § 1101(a)(43)(F) (designating as an aggravated felony "a crime of violence . . . for which the term of imprisonment [is] at least one year"). He was served with and executed a DHS waiver form, in which he checked two boxes indicating that he did not wish to contest the allegations or seek judicial review, and he was ordered removed the same day.

Mangas was subsequently found in the United States in January 2019 and indicted in February 2019 for being a removed person found unlawfully in the United States. He moved to dismiss the indictment, arguing that his 2010 removal order was invalid and therefore could not support a conviction under § 1326. *See* 8

---

[1] Administrative removal refers to a streamlined removal process, without an appearance before an immigration judge, for individuals who are alleged not to be citizens or lawful permanent residents and who are alleged to have aggravated felony convictions. *See* 8 U.S.C. § 1228(b); 8 C.F.R. § 238.1.

U.S.C. § 1326(d).

We review a collateral attack on a removal order de novo. *United States v. Lopez–Velasquez*, 629 F.3d 894, 896 (9th Cir. 2010) (en banc). To succeed on a collateral attack, a defendant must demonstrate "(1) that he exhausted all administrative remedies available to him to appeal his removal order, (2) that the underlying removal proceedings at which the order was issued improperly deprived him of the opportunity for judicial review, and (3) that the entry of the order was fundamentally unfair." *United States v. Ubaldo-Figueroa*, 364 F.3d 1042, 1048 (9th Cir. 2004). A removal order is fundamentally unfair if the defendant's "due process rights were violated by defects in the underlying deportation proceeding," and he experienced prejudice as a result. *United States v. Aguilera-Rios*, 769 F.3d 626, 630 (9th Cir. 2014) (quoting *United States v. Pallares-Galan*, 359 F.3d 1088, 1095 (9th Cir. 2004)).

Mangas argues that he has satisfied the first two requirements for a collateral attack on a removal order because his purported waiver of the right to contest the charges against him had not been knowing, voluntary, and intelligent. In *United States v. Valdivia-Flores*, 876 F.3d 1201 (9th Cir. 2017), relied on by Mangas, we held that a judicial waiver form that failed to inform the noncitizen that "he could refute . . . the legal conclusion underlying his removability" could not by itself establish an informed waiver of either administrative or judicial review. *Id.* at 1206.

The government concedes that the waiver form signed by Mangas was identical to the form at issue in *Valdivia-Flores*, and that, accordingly, Mangas has demonstrated that he exhausted his administrative remedies and was deprived of the opportunity for judicial review. Mangas has therefore met the first two requirements for a collateral attack on an order of removal, and, pursuant to *Valdivia-Flores*, the district court erred in holding otherwise.

With respect to the predicate conviction, the government has conceded that, pursuant to *Quijada-Aguilar v. Lynch*, 799 F.3d 1303, 1306-07 (9th Cir. 2015), voluntary manslaughter under Cal. Penal Code § 192(a) is not a categorical crime of violence under the definition set forth in 18 U.S.C. § 16(b) because it may be committed with reckless intent. Thus, as the district court properly held, Mangas' conviction under Cal. Penal Code § 192(a) cannot support the asserted basis of the removal order. *See Quijada-Aguilar*, 799 F.3d at 1306-07.

The prejudice inquiry is also governed by *Valdivia-Flores*. There we held, on analogous facts, that the defendant had been prejudiced because his predicate conviction had been misclassified in his administrative removal proceedings and could not support the "asserted basis" for his underlying removal order. 876 F.3d at 1210. That reasoning controls here. We reached a similar conclusion where the government misclassified a lawful permanent resident's underlying conviction. *See United States v. Ochoa-Oregel*, 904 F.3d 682, 685-86 (9th Cir. 2018) ("[E]ven if the

4

government might have been able to remove [the defendant] on other grounds through a formal removal proceeding, [the defendant's] removal on illegitimate grounds is enough to show prejudice.").

The sole basis of Mangas' 2010 removal order was the purported aggravated felony conviction. The district court erred in requiring Mangas to show prejudice by demonstrating a plausible basis for relief from removal on a ground other than the one underlying his 2010 removal order. Accordingly, Mangas should have prevailed in his collateral attack on the 2010 removal order.[2]

**REVERSED AND REMANDED**.

---

[2] The government has requested that, if we find prejudice, we remand for an evidentiary hearing regarding the circumstances of Mangas' purported waiver of judicial review in 2010. That request is denied. The government bore the burden of proving a valid waiver by clear and convincing evidence. *See United States v. Ramos*, 623 F.3d 672, 680-81 (9th Cir. 2010). It failed to make that showing when it had an opportunity to do so.

19-50319, *United States v. Mangas*

LEE, Circuit Judge, with whom TALLMAN, Circuit Judge, joins, specially concurring:

Although our circuit's case law compels the outcome here, I write separately to highlight our apparently inadvertent shift from an individualized prejudice inquiry to a presumption of prejudice for collateral attacks under 8 U.S.C. § 1326(d).

To show fundamental unfairness under § 1326(d), a defendant "must demonstrate plausible grounds for relief from deportation." *United States v. Garcia-Martinez*, 228 F.3d 956, 963 (9th Cir. 2000). We presume prejudice in some cases when—but for the government's misclassification of an underlying felony—the defendant would not otherwise be removable. For example, lawful permanent residents suffer prejudice because it "deprive[s] [them] of the important protections of legal permanent resident status." *United States v. Martinez-Hernandez*, 932 F.3d 1198, 1205 (9th Cir. 2019).

In *United States v. Valdivia-Flores*, we appear to have inadvertently extended this presumption of prejudice to non-permanent residents who have no plausible basis for remaining here. 876 F.3d 1201 (9th Cir. 2017). In that case, Valdivia-Flores repeatedly entered the United States without inspection after being deported. *Id.* at 1203–04. On his fourth attempt to illegally reenter the United States, he was charged with one count of attempted reentry of a removed alien in violation of 8 U.S.C. § 1326. *Id.* at 1204. He then collaterally attacked his removal order. *Id.* at

1

1205. Much of *Valdivia-Flores* focused on whether a due process violation occurred under § 1326(d)(2) and whether his state drug-trafficking conviction qualified as an aggravated felony. After resolving those two issues in favor of Valdivia-Flores, the opinion then concluded that he was "prejudiced from his inability to seek judicial review for that removal." *Id.* at 1210. Perhaps because prejudice was not fully briefed and teed up before the court, the opinion did not offer any analysis other than that single statement presuming prejudice.

We later clarified that "the central issue" in determining "fundamental unfairness" under § 1326(d)(3) is "whether a defendant was removed when he should not have been." *Martinez-Hernandez*, 932 F.3d at 1204 (internal quotation marks omitted). There, the defendants collaterally attacked their removal orders, arguing that their convictions no longer qualified as a crime of violence. *Id.* at 1202.[1] We distinguished *Valdivia-Flores*: the defendants were not removed on "illegitimate grounds" because "the same convictions require removal under a different section of the *same statute* previously invoked." *Id.* at 1205 & n.2 (emphasis added).

---

[1] Relying on our decision in *United States v. Ochoa-Oregel*, (9th Cir. 2018), the defendants in *Martinez-Hernandez* argued that once error occurs in the original removal order, the government cannot later argue that a defendant could have been removed on other grounds. *Id.* at 1204. The court explained, however, that *Ochoa-Oregel* was "fundamentally different" because the defendant in *Ochoa-Oregel* was a legal permanent resident. *Id.* at 1204–05.

2

After *Valdivia-Flores* and *Martinez-Hernandez*, we are apparently left with the rule that if the government misclassifies the underlying felony, the removal order is presumed fundamentally unfair under § 1326(d). That presumption can be rebutted if the government (i) can show that the conviction qualifies for removability under a different section of the same statute (*i.e.*, the INA), or (ii) charged the alien with another valid ground for removal.

Here, our inquiry ends with holding that Mangas's conviction no longer qualifies as a crime of violence. Though Mangas has repeatedly entered the country without inspection, DHS did not charge him with entering the United States without inspection. Nor has the government shown that Mangas's voluntary manslaughter conviction qualifies for removability under a different section of the INA.

The government argues that Mangas is not prejudiced by the defects in his removal order because he would have been removed anyway. That is true: Mangas never had any lawful basis for entering the country, repeatedly entered unlawfully after being removed, and even today has no plausible basis for remaining here. But we are still required to hold that Mangas's removal order was fundamentally unfair under our precedent of presumed prejudice. I thus believe we need to revisit our seemingly accidental precedent.

3