**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

APR 28 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| HECTOR LEOBARDO AVILA, | No. 21-1138 |
| Petitioner, | Agency No. A092-463-824 |
| v. | |
| MERRICK B. GARLAND, U.S. Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 17, 2023**

Before:     CLIFTON, R. NELSON, and BRESS, Circuit Judges.

Hector Leobardo Avila, a native and citizen of Mexico, petitions pro se

for review of the Board of Immigration Appeals' ("BIA") order dismissing his

appeal from an immigration judge's ("IJ") decision denying his applications for

asylum, withholding of removal, and protection under the Convention Against

Torture ("CAT"). Our jurisdiction is governed by 8 U.S.C. § 1252. We review

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

de novo questions of law. *Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005). We review for substantial evidence the agency's factual findings. *Conde Quevedo v. Barr*, 947 F.3d 1238, 1241 (9th Cir. 2020). We deny in part and dismiss in part the petition for review.

The BIA did not err in concluding that Avila's aggravated felony conviction in violation of California Penal Code § 211 and resulting five-year sentence constitutes a particularly serious crime rendering him ineligible for asylum and withholding of removal. *See* 8 U.S.C. §§ 1101(a)(43)(G), 1158(b)(2)(A)(ii), 1158(b)(2)(B)(i), 1231(b)(3)(B); *United States v. Martinez-Hernandez*, 932 F.3d 1198, 1206-07 (9th Cir. 2019) (conviction under California Penal Code § 211 is categorically an aggravated felony theft offense). Thus, Avila's asylum and withholding of removal claims fail.

Substantial evidence supports the denial of CAT deferral of removal because Avila failed to show it is more likely than not he would be tortured by or with the consent or acquiescence of the government if returned to Mexico. *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009).

To the extent Avila contends his counsel's performance was ineffective before the IJ, we lack jurisdiction to consider the issue because he failed to raise it in his brief before the BIA. *See Vilchiz-Soto v. Holder*, 688 F.3d 642, 644 (9th Cir. 2012) (court lacks jurisdiction to consider unexhausted claims that could have been corrected by the BIA, including ineffective assistance of counsel); *see also Abebe v. Mukasey*, 554 F.3d 1203, 1208 (9th Cir. 2009) (en

banc) (when a petitioner files a brief before the BIA, he is deemed to have exhausted only the issues raised and argued in that brief).

To the extent Avila contends the BIA violated his right to due process by failing to send him a copy of the IJ decision, he failed to show prejudice. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error and prejudice to prevail on a due process claim).

The stay of removal remains in place until the mandate issues.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**