NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JUL 13 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.  22-30127 |
| Plaintiff-Appellee, | D.C. No. 4:21-cr-06043-SMJ-1 |
| v. | |
| RAFAEL MENDOZA-SANCHEZ, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Eastern District of Washington
Salvador Mendoza, Jr., District Judge, Presiding

Submitted July 11, 2023**
Seattle, Washington

Before:  GRABER, GOULD, and FRIEDLAND, Circuit Judges.

Defendant Rafael Mendoza-Sanchez timely appeals the entry of a criminal

judgment following his conditional guilty plea to one count of violating 8 U.S.C.

§ 1326, for being present in the United States following removal.  The district

court rejected Defendant's § 1326(d) collateral challenge to the underlying

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

removal order and, accordingly, denied his motion to dismiss the indictment. Reviewing de novo, United States v. Alvarez, 60 F.4th 554, 557 (9th Cir. 2023), we affirm.

The district court correctly held that Defendant failed to establish that entry of the removal order was "fundamentally unfair." 8 U.S.C. § 1326(d)(3). "An underlying removal order is 'fundamentally unfair' if: (1) a defendant's due process rights were violated by defects in his underlying deportation proceeding, and (2) he suffered prejudice as a result of the defects." United States v. Martinez-Hernandez, 932 F.3d 1198, 1203 (9th Cir. 2019) (citation and internal quotation marks omitted). "To demonstrate prejudice, [Defendant] must show that he had plausible grounds for relief from the removal order." United States v. Flores, 901 F.3d 1150, 1162 (9th Cir. 2018) (citation and internal quotation marks omitted).

Assuming without deciding that the failure of Defendant's immigration lawyer to file a brief in the 2013 appeal violated Defendant's due process rights, Defendant failed to establish prejudice. The only form of relief mentioned by Defendant is cancellation of removal. But to qualify for cancellation of removal, Defendant must have shown, among other things, continuous residence in the United States for at least seven years. 8 U.S.C. § 1229b(a)(2). Defendant was lawfully admitted in 2004. In 2008, Defendant was convicted in state court of third-degree theft and sentenced to 365 days in prison, a conviction that rendered

2

him removable pursuant to 8 U.S.C. § 1227(a)(2).  The 2008 conviction also ended his period of continuous residence after about four years—far short of the seven-year requirement.  See 8 U.S.C. § 1229b(d)(1) ("For purposes of this section, any period of continuous residence or continuous physical presence in the United States shall be deemed to end . . . (B) when the alien has committed an offense referred to in section 1182(a)(2) of this title that renders the alien . . . removable from the United States under section 1227(a)(2) . . . of this title.").[1]

**AFFIRMED.**

---

[1] Defendant has neither argued nor introduced evidence that he sought or received post-conviction relief in state court; nor has he asserted that such relief would affect the legal analysis here.

3