NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 10 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| HECTOR LEONEL GRAMAJO LOPEZ, Petitioner, v. PAMELA J. BONDI, Attorney General, Respondent. | No. 23-191 Agency No. A095-291-116 MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 7, 2025[**]
Pasadena, California

Before: WARDLAW, CALLAHAN, and HURWITZ, Circuit Judges.
Dissent by Judge WARDLAW.

Hector Leonel Gramajo Lopez petitions for review of two decisions by the

Board of Immigration Appeals ("BIA") dismissing appeals from two orders of an

Immigration Judge ("IJ"). The first ordered Gramajo Lopez removed after the IJ

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

determined that he had abandoned an application for a "212(h) waiver" of inadmissibility, *see* 8 U.S.C. § 1182(h), through which he sought to become eligible for a family-based visa. The second order denied Gramajo Lopez's motion to reconsider the removal order. We dismiss the petition for review in part and deny it in part.

1. The IJ found Gramajo Lopez removable based on his conviction under California Penal Code § 211 for robbery, an aggravated felony. *See United States v. Martinez-Hernandez*, 932 F.3d 1198, 1202 (9th Cir. 2019). Congress has stripped us of jurisdiction to review "any final order of removal" based on the commission of an aggravated felony. 8 U.S.C. § 1252(a)(2)(C). That statute also prevents review of the denial of a motion to reconsider, which merges into a final order of removal. *See Coria v. Garland*, 114 F.4th 994, 1002 (9th Cir. 2024). However, we retain jurisdiction to review "constitutional claims or questions of law" raised concerning an order of removal. 8 U.S.C. § 1252(a)(2)(D). Gramajo Lopez's petition for review raises no constitutional claims, so we only have jurisdiction to consider it to the extent it raises questions of law.

a. Gramajo Lopez first contends that the IJ "committed factual error" by finding he had "not established good cause for noncompliance with the filing deadline." But "§ 1252(a)(2)'s jurisdiction-stripping provisions" clearly "operate to

exclude agency fact-finding from review." *Wilkinson v. Garland*, 601 U.S. 209, 225 (2024) (cleaned up). We therefore dismiss the petition in part.

b. Gramajo Lopez also argues that the IJ erred in finding his application for a § 212(h) waiver abandoned because it was not filed by the date mandated by a prior order. Gramajo Lopez contends that his motion seeking to continue the hearing at which the IJ planned to consider the waiver application should have been treated as a motion for extension of the filing deadline and granted. As the government acknowledges, this argument poses a legal question.

Even if the IJ could have construed the motion to continue the hearing as also seeking an extension of the filing deadline there was no error. We share the BIA's "concerns" about the IJ's choice not to expressly address the continuance before issuing a decision finding the application abandoned because it was not timely filed. But, as the BIA noted, the IJ's order finding the application abandoned indicated why the IJ chose not to extend the deadline, rejecting the assertion that Gramajo Lopez and counsel "require additional time to gather hardship documents in support of his 212(h) waiver" because the motion contained no explanation of what those documents were, or why they had not been previously obtained. Because Gramajo Lopez had previously been granted continuances of the application deadline totaling seven months, we find no abuse of discretion in the agency's decision. *See Arrey v. Barr*, 916 F.3d 1149, 1158 (9th Cir. 2019).

2.      Gramajo Lopez also contends that the agency committed an error of law by characterizing his motion to reconsider as attempting to introduce new evidence, rather than simply identifying error in the IJ's abandonment decision. *See Socop-Gonzalez v. I.N.S.*, 272 F.3d 1176, 1180 n.2 (9th Cir. 2001) (en banc) ("The purpose of a motion to reconsider is not to raise *new* facts, but rather to demonstrate that the IJ or the BIA erred as a matter of law or fact.") (*overruled on other grounds by Smith v. Davis*, 953 F.3d 582 (9th Cir. 2020) (en banc)).

This issue presents a mixed question of law and fact that we have jurisdiction to review. *See Guerrero-Lasprilla v. Barr*, 589 U.S. 221, 228 (2020). But we find no error. As noted above, the motion to reconsider argued that Gramajo Lopez had valid reasons for his inability to file the waiver application by the deadline. Because those reasons were not mentioned in the motion to continue, the BIA correctly treated them as newly asserted.[1]

**Petition DISMISSED in part and DENIED in part.**

---

[1]      The motion to reconsider asserted that Gramajo had previously indicated to the IJ "what evidence he still needed to gather prior to his hearing on the merits" and the difficulties he faced in obtaining that evidence. But although the IJ had considered those matters in granting a prior continuance, the motion to continue the hearing did not specify what evidence remained to be obtained and why it had not been previously obtained.

*Gramajo Lopez v. Bondi*, No. 23-191
WARDLAW, Circuit Judge, dissenting:

Respectfully, I dissent. The IJ committed an error of law by failing to address the *Hashmi* factors when considering Gramajo's motion for a continuance. *Matter of Hashmi*, 24 I. & N. Dec. 785 (B.I.A. 2009). In *Hashmi*, the BIA enumerated five factors that IJs should consider in deciding whether to grant a continuance of removal proceedings pending the final adjudication of an I-130:

> (1) the DHS response to the motion; (2) whether the underlying visa petition is prima facie approvable; (3) the respondent's statutory eligibility for adjustment of status; (4) whether the respondent's application for adjustment merits a favorable exercise of discretion; and (5) the reason for the continuance and other procedural factors.

*Id.* at 790. *Hashmi* deemed the first factor particularly important: "[i]f the DHS affirmatively expresses a lack of opposition, the proceedings ordinarily should be continued by the Immigration Judge in the absence of unusual, clearly identified, and supported reasons for not doing so." *Id.* at 791; *see also Malilia v. Holder*, 632 F.3d 598, 607 (9th Cir. 2011) ("It is generally an abuse of discretion to deny an unopposed request for a continuance."). The Government did not oppose Gramajo's request.

Moreover, other *Hashmi* factors also favor granting the continuance. As to the second factor, the IJ stated on the record that Gramajo's underlying visa

1

petition was prima facie approvable.[1]  The third factor, Gramajo's statutory

eligibility for adjustment of status, appears satisfied based on DHS's concession.

The IJ also should have weighed the fourth and fifth factors, considering the

positive and negative discretionary factors in the record, as well as the

circumstances of the continuance request.  *Hashmi*, 24 I. & N. Dec. at 793.  But the

IJ did not conduct this analysis here; nor did he provide any "unusual, clearly

identified, and supported reasons" to justify the denial of an unopposed

continuance motion, as *Hashmi* requires.  *Id.* at 791.

Whether an immigrant's claim for relief is heard on the merits should not

depend on the whims of the particular IJ presiding over the matter.  That is why IJs

must "articulate, balance, and explain all these relevant factors" when reaching a

decision.  *Id.* at 794.  This analysis is particularly critical where, as here, Gramajo

is statutorily eligible for relief.  Therefore, I would remand the proceedings to

properly consider the continuance motion.

---

[1] The I-130 has since been approved.