NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

AUG 28 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JUNIOR RODRIGUEZ GONZALES,

Petitioner,

v.

PAMELA BONDI, Attorney General,

Respondent.

No. 24-4794

Agency No.
A218-147-837

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 19, 2025[**]
Pasadena, California

Before: HIGGINSON, BENNETT, and SUNG, Circuit Judges.[***]

Petitioner Junior Rodriguez Gonzales, a native and citizen of Guatemala,

seeks review of the order of the Board of Immigration Appeals ("BIA") affirming

without opinion the Immigration Judge's ("IJ") denial of Petitioner's application

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]      The Honorable Stephen A. Higginson, United States Circuit Judge for
the U.S. Court of Appeals for the Fifth Circuit, sitting by designation.

for withholding of removal and protection under the Convention Against Torture ("CAT"). We review the IJ's decision as if it were the decision of the BIA. *Zheng v. Ashcroft*, 397 F.3d 1139, 1143 (9th Cir. 2005).

We have limited jurisdiction under 8 U.S.C. § 1252, which removes from us "jurisdiction to review any final order of removal against an alien who is removable by reason of having committed a criminal offense covered in section . . . 1227(a)(2)(A)(iii)," *id.* § 1252(a)(2)(C), that is, "an aggravated felony," *id.* § 1227(a)(2)(A)(iii). Because Petitioner has been convicted of an aggravated felony, our review is limited to "constitutional claims or questions of law," *id.* § 1252(a)(2)(D), and "factual findings underlying the denial of CAT relief," *Coria v. Garland*, 114 F.4th 994, 1000 (9th Cir. 2024). We deny the petition.

1. An applicant for withholding of removal must "demonstrate membership in a particular social group" that is "'(1) composed of members who share a common immutable characteristic, (2) defined with particularity, and (3) socially distinct within the society in question.'" *Garay Reyes v. Lynch*, 842 F.3d 1125, 1131 (9th Cir. 2016) (quoting *Matter of M-E-V-G-*, 26 I. & N. Dec. 227, 237 (BIA 2014)). Petitioner appeals the determination that he failed to claim membership in a cognizable particular social group. "Whether a group constitutes a 'particular social group' under the [Immigration and Nationality Act] is a question of law we review de novo." *Perdomo v. Holder*, 611 F.3d 662, 665 (9th Cir. 2010). Petitioner

proposed a social group of "business owner families." We have repeatedly held that business owners are not a cognizable group entitled to withholding because they do not share an immutable characteristic. *See, e.g.*, *Ochoa v. Gonzales*, 406 F.3d 1166, 1170-71 (9th Cir. 2005) (holding "business owners in Colombia who rejected demands by narco-traffickers to participate in illegal activity" are not a particular social group), *abrogated on other grounds by Henriquez-Rivas v. Holder*, 707 F.3d 1081, 1090-94 (9th Cir. 2013) (en banc); *Macedo Templos v. Wilkinson*, 987 F.3d 877, 881-83 (9th Cir. 2021) ("reject[ing] [the] argument that being a wealthy business owner is an immutable characteristic"). Petitioner has provided no basis, beyond citing the concurrence in *Macedo Templos*, to hold that his proposed social group shares an immutable characteristic.

2. Petitioner also challenges the denial of CAT relief on the basis that he had failed to show government complicity. We review the denial of CAT relief under the substantial evidence standard. *Guo v. Sessions*, 897 F.3d 1208, 1212 (9th Cir. 2018). Here, substantial evidence supports the IJ's finding, which is considered "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." *Zehatye v. Gonzales*, 453 F.3d 1182, 1185 (9th Cir. 2006) (quoting 8 U.S.C. § 1252(b)(4)(B)). The country conditions evidence describes government efforts to combat organized crime, and Petitioner fails to cite any record evidence that would compel the conclusion of Guatemala's acquiescence. Accordingly,

substantial evidence supports the denial of CAT relief. *See Garcia v. Wilkinson*, 988 F.3d 1136, 1147 (9th Cir. 2021) (showing of government acquiescence required to gain CAT relief).

3. Finally, Petitioner argues that the expedited removal process and the issuance of the Final Administrative Order of Removal violated his due process rights. "To invoke [expedited removal], DHS must establish that the individual to be removed: (1) is not a citizen of the United States; (2) has not been lawfully admitted for permanent residence; and (3) has been convicted of an aggravated felony." *Gomez-Velazco v. Sessions*, 879 F.3d 989, 991 (9th Cir. 2018); *see* 8 U.S.C. § 1228. Here, the first two prongs are not disputed. In supplemental briefing, Petitioner seems to argue that his felony conviction "is not a statutorily defined aggravated felony." But Petitioner pled guilty to attempted robbery and was sentenced to 16 months of imprisonment. Under 8 U.S.C. § 1101(a)(43)(G) and (U), an "attempt . . . to commit" "a theft offense . . . for which the term of imprisonment [is] at least one year" qualifies as an aggravated felony. *See also United States v. Martinez-Hernandez*, 932 F.3d 1198, 1205-07 (9th Cir. 2019). Thus, Petitioner has no colorable claim for avoiding expedited removal. And Petitioner has failed to show that the proceeding "was so fundamentally unfair that [he] was prevented from reasonably presenting his case," as is required to sustain a due process challenge to an immigration proceeding. *Cruz Rendon v. Holder*, 603

F.3d 1104, 1109 (9th Cir. 2010) (quoting *Colmenar v. INS*, 210 F.3d 967, 971 (9th

Cir. 2000)). Petitioner is removable as charged and has not shown prejudice.

**PETITION DENIED.**[1]

---

[1] The stay of removal remains in place until the mandate issues.