**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

<table>
<tr>
<td>

UNITED STATES OF AMERICA,
*Plaintiff-Appellee*,

v.

FRANCISCO OCHOA-OREGEL,
*Defendant-Appellant.*

</td>
<td>

No. 16-50413

D.C. No.
3:16-cr-01116-BEN-1

ORDER AND
AMENDED
OPINION

</td>
</tr>
</table>

Appeal from the United States District Court
for the Southern District of California
Roger T. Benitez, Senior District Judge, Presiding

Argued and Submitted March 7, 2018
Pasadena, California

Filed August 2, 2018
Amended September 14, 2018

Before: Ronald M. Gould and Mary H. Murguia, Circuit
Judges, and Dana L. Christensen,* Chief District Judge.

Order;
Opinion by Judge Gould

---

* The Honorable Dana L. Christensen, Chief United States District
Judge for the District of Montana, sitting by designation.

**SUMMARY**[**]

**Criminal Law**

The panel filed an Order amending its August 2, 2018 Opinion, and an Amended Opinion reversing a conviction for unlawful re-entry into the United States in violation of 8 U.S.C. § 1326.

The panel held that the defendant's 2008 and 2011 removals were fundamentally unfair, and neither can serve as a predicate removal for purposes of § 1326.

The panel held that because the defendant was ordered removed *in absentia*, but did not receive notice of either his *in absentia* removal hearing or of his ability to file a motion to reopen such proceedings, he has satisfied the exhaustion and deprivation-of-judicial-review requirements for bringing a collateral attack on the validity of that removal, which was based on a prior conviction for California domestic violence battery. The panel also held that because circuit precedent at the time of the 2008 removal hearing established that California battery was not a categorical crime of violence, it was error to remove the defendant for a crime of domestic violence under Section 237(a)(2)(E)(i) of the Immigration and Nationality Act based on his California battery conviction.

The panel held that the due process defects in the 2008 removal proceeding infected the defendant's 2011 expedited

---

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

removal for presenting invalid entry documents. The panel wrote that a person should not be stripped of the important legal entitlements that come with lawful permanent resident status – including protection against expedited removal – through a legally erroneous decision that he or she had no meaningful opportunity to contest. The panel rejected the government's contention that the defendant was not prejudiced. The panel explained that if the defendant was still a lawful permanent resident, his entry documents were not invalid, and even if the government might have been able to remove him on other grounds through a formal removal proceeding, his removal on illegitimate grounds is enough to show prejudice.

## COUNSEL

Whitney Z. Bernstein (argued), Federal Defenders of San Diego Inc., San Diego, California, for Defendant-Appellant.

Nicole Ries Fox (argued), Assistant United States Attorney; Helen H. Hong, Chief, Appellate Section; United States Attorney's Office, San Diego, California; for Plaintiff-Appellee.

**ORDER**

The opinion filed on August 2, 2018 and published at 898 F.3d 948 is **AMENDED** as follows.

The second sentence of the third paragraph states:

> As Ochoa's removal proceeding was in absentia, he has satisfied the exhaustion and deprivation of judicial review requirements.

That sentence is deleted and replaced with the following language:

> Ochoa was ordered removed in absentia in 2008, but did not receive notice of either his in absentia removal hearing or of his ability to file a motion to reopen such proceedings. He has therefore satisfied the exhaustion and deprivation of judicial review requirements.

The second sentence of the fifth paragraph states:

> The 2008 removal order was legally erroneous, Defendant did not have a meaningful opportunity to contest the order, and he was not told of available avenues for relief because the 2008 removal order was in absentia.

The clause "because the 2009 removal order was in absentia" is deleted from that sentence.

No further petitions for rehearing or petitions for rehearing en banc may be filed.

**IT IS SO ORDERED.**

---

**OPINION**

GOULD, Circuit Judge:

Francisco Ochoa-Oregel (Defendant) unlawfully entered the United States in 2016 and was convicted of unlawful re-entry in violation of 8 U.S.C. § 1326.  Before his 2016 conviction for unlawful re-entry, Defendant had previously been ordered removed in 2008, based on a prior conviction for California domestic violence battery, Cal. Penal Code § 243(e)(1), in an *in absentia* proceeding.  The government contends that Defendant lost his status as a legal permanent resident as a result of the 2008 removal.  Defendant was again removed in 2011 in an expedited removal proceeding. For the reasons stated below, we hold that both the 2008 and 2011 removal orders were fundamentally unfair, and that neither can serve as a predicate removal for purposes of § 1326.

Defendant argues that both his 2008 and 2011 removal orders were unlawful, and that there is no predicate offense for a conviction under § 1326. An alien who is charged with unlawful re-entry in violation of 8 U.S.C. § 1326 can collaterally attack the validity of a prior removal that serves as a predicate element for the conviction. *United States v. Ochoa*, 861 F.3d 1010, 1014 (9th Cir. 2017). To succeed in a collateral attack, a defendant must show exhaustion, deprivation of judicial review, and that the entry of the

removal order was fundamentally unfair. *United States v. Ubaldo-Figueroa*, 364 F.3d 1042, 1048 (9th Cir. 2003).

A person is exempt from the exhaustion requirements and will have adequately shown deprivation of judicial review, if the immigration judge, in the prior removal proceeding, does not inform the alien of the right to appeal. *Id*. at 1049–50. Ochoa was ordered removed in absentia in 2008, but did not receive notice of either his in absentia removal hearing or of his ability to file a motion to reopen such proceedings. He has therefore satisfied the exhaustion and deprivation of judicial review requirements. At the time of Defendant's 2008 hearing before the immigration judge, our circuit precedent had established that California battery was not a categorical crime of violence. *Ortega-Mendez v. Gonzales*, 450 F.3d 1010, 1017 (9th Cir. 2006). It was error to remove Defendant for a crime of domestic violence under Immigration and Nationality Act § 237(a)(2)(E)(i) based on his California battery conviction. The 2008 *in absentia* removal cannot properly serve as a predicate for a conviction for illegal re-entry.

The 2011 removal order also cannot serve as a predicate for unlawful re-entry. An alien who had been removed through expedited removal proceedings automatically satisfies the requirements for exhaustion and deprivation of judicial review. *United States v. Raya-Vaca*, 771 F.3d 1195, 1202 (9th Cir. 2014). In the context of reinstatements of prior erroneous removal orders, we have held that "limiting review to the procedural requirements for reinstatement without regard to the soundness of the underlying removal proceeding implicates due process concerns by effectively foreclosing all opportunity for 'meaningful' review of the underlying removal," *United States v. Arias-Ordonez*, 597 F.3d 972, 980 (9th Cir. 2010).

The 2011 removal at issue here was an expedited proceeding, not a reinstatement, but the same due process concerns apply. *See Kwong Hai Chew v. Colding*, 344 U.S. 590, 597–78, 597 n.6 (1953) (emphasizing that officers violate the requirements of due process when they act arbitrarily to remove a person who has been afforded lawful permanent resident status); *see also Osorio-Martinez v. AG United States*, 893 F.3d 153 (3d Cir. 2018) ("the lawful permanent resident is the quintessential example of an alien entitled to broad constitutional protections.") (citation and internal quotation marks omitted). The 2008 removal order was legally erroneous, Defendant did not have a meaningful opportunity to contest the order, and he was not told of available avenues for relief. These due process defects in the erroneous 2008 removal proceeding infect the 2011 removal. A person should not be stripped of the important legal entitlements that come with lawful permanent resident status through a legally erroneous decision that he or she had no meaningful opportunity to contest. Among those protections is that lawful permanent residents cannot be removed on an expedited basis. 8 C.F.R. § 235.3(b)(5)(ii). This means that the 2011 expedited removal order was also fundamentally unfair because it violated the process due to lawful permanent residents.

The government cites footnote 3 in *United States v. Aguilera-Rios*, 754 F.3d 1105 (9th Cir. 2014) to support its conclusion that even an invalid removal order is a final order that strips a person of the legal protections afforded to lawful permanent residents. *Aguilera-Rios* did not address the issue

here—whether an erroneous *in absentia* removal order strips a person of those protections.[1]

The government contends that even if Defendant should have been treated as a lawful permanent resident in 2011, he was not prejudiced because he was an aggravated felon, who could have been removed anyway, and who would have been denied discretionary relief, including withdrawal of his application for admission.  We reject the government's contention for a fundamental reason.  Because Defendant retained the protections afforded to lawful permanent residents, he was not removable as charged in the 2011 proceedings—he was removed for presenting invalid entry documents.  But if he was still a lawful permanent resident, then his entry documents were not invalid.  And even if the government might have been able to remove him on other grounds through a formal removal proceeding, his removal on illegitimate grounds is enough to show prejudice.  *See United States v. Camacho-Lopez*, 450 F.3d 928, 930 (9th Cir. 2006).

It is commonplace in the law that unconstitutional actions by the government will have some reasonable consequence for further proceedings that viewed in isolation otherwise conform to procedural requirements.  That is why as a defense to a § 1326 prosecution for illegal re-entry, a person charged with that crime is entitled to make a collateral attack with a premise that the prior removal was

---

[1] We emphasize that our holding here is limited to the case where an alien is erroneously removed *in absentia* and did not have a meaningful opportunity to contest the order that ostensibly stripped him or her of lawful permanent resident status.  We express no view about the effect of an order of removal that while legally erroneous was entered after an alien had a meaningful opportunity to contest removal.

invalid because it was fundamentally unfair and offended due process. *United States v. Mendoza-Lopez*, 481 U.S. 828, 838 (1987).

Other examples of reasonable consequence for unconstitutional government action abound in the law. We mention just a few examples: If evidence is unlawfully seized in violation of the Fourth Amendment, then that evidence will be excluded from a later trial. *Mapp v. Ohio*, 367 U.S. 643, 660 (1961). Indeed, if that evidence leads causally to discovery of other evidence, that may also be excluded as fruit of the poisonous tree. *Wong Sun v. United States*, 371 U.S. 471, 488 (1963). If a confession is given by a criminal suspect as a result of coercion and lack of voluntary action in violation of the due process clause, that evidence of confession would be suppressed. *Dickerson v. United States*, 530 U.S. 428, 434–35 (2000). If evidence favorable to an accused is withheld by a prosecutor causing prejudice, that may be a basis to vacate a conviction. *Brady v. Maryland*, 373 U.S. 83, 87 (1963). If a prosecutor submits knowingly false testimony at a trial, that would be a basis to vacate conviction. *Napue v. Illinois*, 360 U.S. 264, 269–270 (1959).

We reject the government's claim that any order of removal, no matter the substantive and procedural defects, would strip lawful permanent residents of the important legal protections that status affords them. The important legal protections of lawful permanent resident status do not hang on the whims of government officials, they stand on the much more secure footing of lawful due process. At a minimum, persons do not lose lawful permanent resident status through legally erroneous decisions in hearings where they are not able to defend themselves because they were not present.

Because both the 2008 and 2011 removal orders were fundamentally unfair and there is no valid predicate offense grounding Defendant's § 1326 unlawful re-entry conviction, we reverse Defendant's conviction.

**REVERSED.**