NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

DEC 17 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 22-10001 |
| Plaintiff-Appellee, | D.C. No. 2:21-cr-00334-GMS-1 |
| v. | |
| RAMON GERONIMO ZAVALA-SANCHEZ, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Arizona
G. Murray Snow, Chief District Judge, Presiding

Submitted November 14, 2024**
San Francisco, California

Before:  S.R. THOMAS and MILLER, Circuit Judges, and ROSENTHAL,***
District Judge.

Ramon Geronimo Zavala-Sanchez appeals the district court's denial of his

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

\*\*\*      The Honorable Lee H. Rosenthal, United States District Judge for the Southern District of Texas, sitting by designation.

motion to dismiss his indictment for illegal reentry by a previously deported alien, originally filed under 8 U.S.C. § 1326(d). Zavala pleaded guilty to one charge of illegal reentry following deportation, in violation of 8 U.S.C. § 1326(a), reserving the right to appeal the denial of his motion under Federal Rule of Criminal Procedure 11(a)(2). We review de novo the denial of the motion to dismiss the indictment. *United States v. Cisneros-Rodriguez*, 813 F.3d 748, 755 (9th Cir. 2015). We review the district court's factual findings for clear error. *Id.* We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Zavala, a Mexican national, was apprehended by United States Border Patrol agents on March 7, 2021, near Gila Bend, Arizona. Zavala had been previously removed from the United States on February 3, 2010, and again on August 21, 2020, based on the reinstatement of the February 3, 2010, removal order.

Zavala collaterally attacked the February 3, 2010, removal as the predicate for his indictment under § 1326(a), claiming defects that violated his due process rights. He asserted that he had not been clearly informed that he was in removal proceedings, as the written forms he received were in English and he had limited proficiency in that language. He also asserted that the immigration official who interviewed him in February 2010 did not review his Sworn Statement and Jurat, Forms I-867A and I-867B, with him before obtaining his signature. Finally, he asserted that the failure to obtain his signature on the back of the Form I-860, the

Notice and Order of Expedited Removal, showed that he had not received adequate notice that he was in removal proceedings in February 2010.

Border Patrol Agent Rolando Flores, who processed Zavala for removal in February 2010, provided a sworn declaration that he affirmed at the September 21, 2021, hearing on Zavala's motion to dismiss. Agent Flores testified that although he did not recall the 2010 encounter with Zavala, it was his customary practice to read to individuals in removal proceedings a Spanish-language translation of the "admonition" contained in the preamble to Form I-867A. Agent Flores also testified that it was his practice to review Forms I-867A and I-867B with each individual, in Spanish, before obtaining his or her signature. Agent Flores confirmed that Zavala's signature was not on the back of the Form I-860. Zavala testified that he recalled only being told to sign some papers and that he "was going to be returned to Mexico."

The district court denied the motion to dismiss on the basis that the February 3, 2010, removal order was not fundamentally unfair. The court held that Zavala had sufficient notice that he was in formal removal proceedings. Zavala timely appealed.

A defendant who is charged under § 1326(a) can collaterally attack the validity of the underlying removal order under § 1326(d). *United States v. Ubaldo-Figueroa*, 364 F.3d 1042, 1047-48 (9th Cir. 2004). The defendant must show that:

"(1) [he] exhausted any administrative remedies that may have been available to seek relief against the order; (2) the deportation proceedings at which the order was issued improperly deprived [him] of the opportunity for judicial review; and (3) the entry of the order was fundamentally unfair." 8 U.S.C. § 1326(d).

Expedited removal proceedings under 8 U.S.C. § 1225 permit immigration officers to "(1) determine whether certain aliens are inadmissible, and (2) enter removal orders, generally without hearing or further review." *United States v. Raya-Vaca*, 771 F.3d 1195, 1199 (9th Cir. 2014), *abrogated on other grounds by Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103 (2020). Because expedited removal proceedings do not offer the opportunity for either administrative or judicial review, the first two prongs of § 1326(d) are automatically satisfied. *See United States v. Ochoa-Oregel*, 904 F.3d 682, 685 (9th Cir. 2018) ("An alien who had been removed through expedited removal proceedings automatically satisfies the requirements for exhaustion and deprivation of judicial review.").

A removal order is fundamentally unfair if "(1) a defendant's due process rights were violated by defects in his underlying deportation proceeding, and (2) he suffered prejudice as a result of the defects." *United States v. Alvarado-Pineda*, 774 F.3d 1198, 1201 (9th Cir. 2014).

On appeal, Zavala asserts that because Agent Flores admitted that he did not recall his encounter with Zavala in February 2010, Agent Flores's testimony did not

4

directly contradict Zavala's testimony that he was not informed that he was in removal proceedings.

The district court did not err in rejecting Zavala's testimony as less credible than that of Agent Flores. A district court's factual findings that rest on credibility are entitled to "even greater deference" than other factual findings. *Nichols v. Azteca Rest. Enters., Inc.*, 256 F.3d 864, 871 (9th Cir. 2001) (quoting *Anderson v. City of Bessemer*, 470 U.S. 564, 575 (1985)). "[W]hen a trial judge's finding is based on his decision to credit the testimony of one of two or more witnesses, each of whom has told a coherent and facially plausible story that is not contradicted by extrinsic evidence, that finding, if not internally inconsistent, can virtually never be clear error." *Anderson*, 470 U.S. at 575.

Even though Agent Flores did not specifically recall his encounter with Zavala, the written record supports the district court's finding that he gave Zavala Spanish-language notice that he was in formal removal proceedings. Zavala's signature was on all four pages of the Sworn Statement and Jurat. Agent Flores also dated and signed the Certificate of Service on the bottom of the Form I-860, showing that he had served it on Zavala. The district court found Agent Flores's testimony about his usual practices credible. The district court also found that Zavala had a history of being untruthful with law enforcement, in light of the many aliases he provided to immigration officials. Crediting Agent Flores's account over Zavala's

5

was not clear error.  *See Anderson*, 470 U.S. at 575.

Because the district court did not err in finding that the February 3, 2010, removal order was not fundamentally unfair, we do not reach the question of whether Zavala would have plausibly received relief and have been permitted to withdraw his application for admission to the United States.

**AFFIRMED.**