**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUN 26 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | No. 24-724 |
| Plaintiff - Appellee, | D.C. No. 3:23-cr-00251-RBM-1 |
| v. | |
| RAMIRO GOMEZ-REYES, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Ruth Bermudez Montenegro, District Judge, Presiding

Argued and Submitted February 5, 2025
Pasadena, California

Before: SCHROEDER, MILLER, and DESAI, Circuit Judges.
Dissent by Judge MILLER.

Ramiro Gomez-Reyes appeals his conviction following his conditional

guilty plea to attempted illegal reentry in violation of 8 U.S.C. § 1326. We have

jurisdiction under 28 U.S.C. § 1291. We affirm.

"We review *de novo* a claim that a defect in a prior removal proceeding

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

precludes reliance on the final removal order in a subsequent § 1326 proceeding." *United States v. Reyes-Bonilla*, 671 F.3d 1036, 1042 (9th Cir. 2012). Gomez-Reyes maintains his underlying removal order was invalid because his Illinois conviction for attempted aggravated sexual assault was not an aggravated felony. Under federal immigration law, an aggravated felony includes any "crime of violence." 8 U.S.C. § 1101(a)(43)(F). Such a crime must have "as an element the use, attempted use, or threatened use of physical force." 18 U.S.C. § 16(a).

Under Illinois law, the crime of sexual assault is defined in relevant part as "an act of sexual penetration by the use of force or threat of force." 720 Ill. Comp. Stat. 5/12-13(a)(1) (2008). The crime of aggravated sexual assault has an additional element. It is defined in relevant part as a sexual assault where "the accused displayed, threatened to use, or used a dangerous weapon." 720 Ill. Comp. Stat. 5/12-14(a)(1) (2003). An attempt under Illinois law requires "a substantial step toward" commission of a crime. 720 Ill. Comp. Stat. 5/8-4(a) (2000). Thus, to be convicted of the crime of attempted aggravated sexual assault, the accused must have taken a substantial step toward sexual assault by use or threatened use of a dangerous weapon.

Gomez-Reyes posits that the Illinois statute is overbroad because it could punish an attempt to threaten someone with a dangerous weapon in order to commit sexual assault, without any attempt or threat to use physical force. Such a

scenario is difficult to imagine, and he cites no case illustrating it. *See Gonzalez v. Duenas-Alvarez*, 549 U.S. 183, 193 (2007) (overbreadth "requires a realistic probability, not a theoretical possibility, that the State would apply its statute to conduct that falls outside the [federal] definition of a crime").

Gomez-Reyes relies on *United States v. Taylor*, 596 U.S. 845 (2022), a case that concerned Hobbs Act robbery. That federal crime involves the unlawful taking of personal property "by means of actual or threatened force." 18 U.S.C. § 1951(b)(1). The Supreme Court held that attempted Hobbs Act robbery is not categorically a crime of violence because an attempted robbery could be interrupted before any threat of force was communicated. *Taylor*, 596 U.S. at 852. Attempted Hobbs Act robbery would therefore not require more than an attempted threat of force.

But *Taylor* does not relieve Gomez-Reyes of his burden to show that there is a realistic probability that the state courts would apply the statute in the manner for which he argues. *See Duenas-Alvarez*, 549 U.S. at 193. Instead, "it merely held that the realistic probability test was not implicated because the Court was comparing two federal statutes." *United States v. Eckford*, 77 F.4th 1228, 1235 (9th Cir. 2023). When deciding whether a state statute categorically matches the federal definition of an aggravated felony, we still apply the realistic probability test. *See id.*; *Rodriguez-Hernandez v. Garland*, 89 F.4th 742, 749 (9th Cir. 2023).

Because Gomez-Reyes fails to show a realistic probability that the Illinois statute would be applied to an attempted threat of force, we cannot conclude that it is overbroad. *See Duenas-Alvarez*, 549 U.S. at 193–94.

Moreover, the Illinois statutes foreclose the scenario he envisions. Attempted aggravated sexual assault is materially different from Hobbs Act robbery. That is because a substantial step toward completing aggravated sexual assault must include the additional element of a dangerous weapon. Any such step taken with a dangerous weapon embodies at least attempted or threatened use of force.

Gomez-Reyes also contends the Illinois aggravated sexual assault statute encompasses reckless conduct and is overbroad for that reason. While the Illinois Supreme Court has suggested that the mental state of recklessness might apply, *see People v. Simms*, 736 N.E.2d 1092, 1114 (Ill. 2000), the statute does not include recklessness, *see* 720 Ill. Comp. Stat. 5/12-14(a)(1) (2003), and there is Illinois case law rejecting any such interpretation, *see, e.g.*, *People v. Smith*, 504 N.E.2d 850, 853 (Ill. App. Ct. 1987) ("[T]he mental state . . . [of] recklessness, is irrelevant to establishing the necessary criminal intent."). Moreover, Gomez-Reyes's conviction was for attempted aggravated sexual assault, and that offense includes a specific intent requirement. *See* 720 Ill. Comp. Stat. 5/8-4(a) (2000) (attempt requires "intent to commit a specific offense"). The offense may not be

committed recklessly.

Gomez-Reyes further contends he was denied due process when an officer signed the removal order three days before he received notice of the proceedings. He has not shown prejudice required to succeed on his collateral attack. *See United States v. Valdavinos-Torres*, 704 F.3d 679, 690 (9th Cir. 2012).

Gomez-Reyes's equal protection challenge is foreclosed by *United States v. Carrillo-Lopez*, 68 F.4th 1133, 1153–54 (9th Cir. 2023).

**AFFIRMED.**

*United States v. Gomez-Reyes*, No. 24-724

MILLER, Circuit Judge, dissenting:

Ramiro Gomez-Reyes challenges his conviction for attempted illegal reentry under 8 U.S.C. § 1326. To succeed in that challenge, he must establish several elements, one of which—the only one addressed by the district court—is that, in his prior removal proceedings, "the entry of the order was fundamentally unfair." 8 U.S.C. § 1326(d). The removal order was based on his prior conviction for an aggravated felony—namely, attempted aggravated sexual assault under Illinois law.

But is that Illinois offense an aggravated felony? The federal statutory definition of "aggravated felony" includes any felony "crime of violence," 8 U.S.C. § 1101(a)(43)(F), and as a matter of common sense, it seems obvious that attempted sexual assault, whether aggravated or otherwise, is a crime of violence. Unfortunately, common sense has little to do with the "categorical approach" that we are required to apply in assessing whether an offense constitutes an aggravated felony. *Alfred v. Garland*, 64 F.4th 1025, 1031 (9th Cir. 2023) (en banc); *see Mathis v. United States*, 579 U.S. 500, 537 (2016) (Alito, J., dissenting). That approach requires us to evaluate "whether 'the state statute defining the crime of conviction' categorically fits within the 'generic' federal definition of a corresponding aggravated felony." *Moncrieffe v. Holder*, 569 U.S. 184, 190 (2013)

1

(quoting *Gonzales v. Duenas-Alvarez*, 549 U.S. 183, 186 (2007)). And under that approach, Gomez-Reyes's offense does not qualify.

As relevant here, a "crime of violence" is "an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another." 8 U.S.C. § 16(a). The Supreme Court's decision in *United States v. Taylor* shows that Gomez-Reyes's offense does not satisfy that definition. 596 U.S. 845 (2022).

In *Taylor*, the Court held that attempted Hobbs Act robbery does not constitute a crime of violence. 596 U.S. at 851–52. The Hobbs Act criminalizes committing, attempting to commit, or conspiring to commit a robbery affecting interstate commerce. 18 U.S.C. § 1951(a). Although a completed robbery necessarily involves the use or threatened use of force, "no element of attempted Hobbs Act robbery requires proof that the defendant used, attempted to use, or threatened to use force." *Taylor*, 596 U.S. at 852. Instead, as the Court explained, a defendant might plan to commit a Hobbs Act robbery by threatening the use of force; if he is interrupted before the threat is communicated, he will have committed attempted Hobbs Act robbery, but he will not have used force, attempted to use force, or threatened to use force. *Id.* at 851–52. He will have attempted to threaten the use of force, but an attempted threat is not covered by the definition of crimes of violence. Thus, the Court concluded, "[w]hatever one might

2

say about *completed* Hobbs Act robbery, *attempted* Hobbs Act robbery does not satisfy the" statutory definition of a "crime of violence." *Id.*

The same is true of the Illinois statute under which Gomez-Reyes was convicted. As all agree, that statute criminalizes an attempt to commit sexual assault with the threat of using a dangerous weapon—in other words, taking a substantial step toward threatening someone with a dangerous weapon in order to commit sexual assault. *See* 720 Ill. Comp. Stat. 5/11-1.20, 5/11-1.30, & 5/8-4. According to *Taylor*, "whatever a substantial step requires, it does not require . . . that the defendant used, attempted to use, or even threatened to use force." 596 U.S. at 851. And although the statute in *Taylor* did not include a dangerous-weapon element, that element makes no difference to the analysis. Under Illinois law, a perpetrator who is apprehended before he communicates a threat to use a dangerous weapon can be convicted of attempt. But under federal law, that attempt to threaten does not qualify as a crime of violence.

To be sure, the Supreme Court has made clear that "to find that a state statute creates a crime outside the generic definition of a listed crime in a federal statute requires more than the application of legal imagination to a state statute's language." *Duenas-Alvarez*, 549 U.S. at 193. Instead, "[i]t requires a realistic probability, not a theoretical possibility, that the State would apply its statute to conduct that falls outside the generic definition of a crime." *Id.* And as the

3

government points out, there are no reported Illinois cases in which the statute has been applied to attempts to threaten. But we have held that a defendant need not cite a specific case to show a realistic probability where the "state statute explicitly defines a crime more broadly than the generic definition" and the "greater breadth is evident from [the statute's] text." *United States v. Grisel*, 488 F.3d 844, 850 (9th Cir. 2007) (en banc), *abrogated on other grounds by United States v. Stitt*, 586 U.S. 27 (2018). That is precisely the situation here. No "'legal imagination[]' . . . is required to hold that a realistic probability exists that the state will apply its statute to conduct that falls outside the generic definition of the crime." *Id.* (quoting *Duenas-Alvarez*, 549 U.S. at 193).

I acknowledge that Gomez-Reyes committed other offenses, some of which might have provided alternative grounds for his removal. But those were not the grounds on which he was removed, and under our precedent, he suffered prejudice by being removed on an invalid ground. *See United States v. Ochoa-Oregel*, 904 F.3d 682, 685–86 (9th Cir. 2018) ("[E]ven if the government might have been able to remove [the defendant] on other grounds . . . , his removal on illegitimate grounds is enough to show prejudice."); *cf. United States v. Valdavinos-Torres*, 704 F.3d 679, 690 (9th Cir. 2012) (explaining that the defendant did not establish prejudice because his prior conviction was an aggravated felony and thus a valid and virtually guaranteed ground for removal).

Because Gomez-Reyes's removal order did not rest on a lawful ground, "the entry of the order was fundamentally unfair." 8 U.S.C. § 1326(d)(3). I would reverse and remand for the district court to consider in the first instance whether Gomez-Reyes can satisfy the other elements of section 1326(d).