**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAY 22 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

---

UNITED STATES OF AMERICA,

　　　　Appellee,

　v.

MARIA CARMEN MORIN-MORENO,

　　　　Appellant.

No. 24-1531

D.C. No.
3:22-cr-02655-TWR-1

MEMORANDUM[*]

---

Appeal from the United States District Court
for the Southern District of California
Todd W. Robinson, District Judge, Presiding

Argued and Submitted April 23, 2026
Pasadena, California

Before: HIGGINSON, NGUYEN, and BRESS, Circuit Judges.[**]

Maria Carmen Morin-Moreno appeals her conviction and sentence for illegal reentry in violation of 8 U.S.C. § 1326. In the proceedings below, she moved to dismiss the indictment, asserting that her three prior removal orders were invalid

---

[*]　This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]　The Honorable Stephen A. Higginson, United States Circuit Judge for the Court of Appeals, Fifth Circuit, sitting by designation.

under § 1326(d) and that the statute violates equal protection. She raises these issues again on appeal. We have jurisdiction under 28 U.S.C. § 1291 and affirm.

1. The district court did not err in denying Morin-Moreno's motion to dismiss the indictment under § 1326(d). The district court concluded that the record demonstrated that Morin-Moreno had not exhausted her administrative remedies and that she had not shown she was denied the opportunity for judicial review. We review the denial of the motion to dismiss *de novo*. *United States v. Valdivias-Soto*, 112 F.4th 713, 721 (9th Cir. 2024).

A defendant seeking to collaterally attack a removal order must demonstrate: (1) she exhausted her administrative remedies; (2) the removal proceedings improperly deprived her of an opportunity for judicial review; and (3) "entry of the order was fundamentally unfair." 8 U.S.C. § 1326(d); *United States v. Palomar-Santiago*, 593 U.S. 321, 323 (2021). A removal order is fundamentally unfair where "a defendant's due process rights were violated by defects" in the underlying deportation proceedings and she "suffered prejudice as a result." *Valdivias-Soto*, 112 F.4th at 722 (quoting *United States v. Alvarado-Pineda*, 774 F.3d 1198, 1201 (9th Cir. 2014)).

Morin-Moreno challenges under § 1326(d) her three prior orders of removal. She concedes, however, that to upset her conviction, she must successfully attack all three. Because Morin-Moreno cannot demonstrate that she was prejudiced as

the result of her 2016 expedited removal, nor that her 2009 stipulated removal or 2011 removal tainted her 2016 removal, her challenge fails.

Assuming without deciding that the 2016 removal violated Morin-Moreno's due process rights, she fails to demonstrate prejudice. Morin-Moreno alleges she faced prejudice because it was plausible that, had she not been subjected to the expedited removal proceedings, she could have received relief in the form of withdrawal of her application for admission, a permissible form of relief in expedited removal proceedings. *See United States v. Barajas-Alvarado*, 655 F.3d 1077, 1089–90 (9th Cir. 2011); *United States v. Raya-Vaca*, 771 F.3d 1195, 1206 (9th Cir. 2014), *abrogated on other grounds by Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103 (2020). But Morin-Moreno has not shown that she had a likelihood of being afforded this form of relief.

In assessing the plausibility of relief in the form of withdrawal of an application for admission, we have examined various factors, including those enumerated in the INS Inspector's Field Manual. *See, e.g.*, *Raya-Vaca*, 771 F.3d at 1206–07. Those factors include "(1) the seriousness of the immigration violation; (2) previous findings of inadmissibility against the alien; (3) intent on the part of the alien to violate the law; (4) ability to easily overcome the ground of inadmissibility; (5) age or poor health of the alien; and (6) other humanitarian or public interest considerations." *Id.* at 1207 (quoting *Barajas-Alvarado*, 655 F.3d at

3                                              24-1531

1090)). We have also looked at a defendant's criminal history and analogous cases in which relief has been afforded. *See id.* at 1209.

On the whole, these factors show that Morin-Moreno was unlikely to be afforded the discretionary opportunity to withdraw her application for admission. Morin-Moreno had medical problems, family in the United States, and had experienced domestic violence at the hands of her U.S.-citizen husband, which she argues presented a "compelling humanitarian interest" in favor of relief. Yet, in the instance leading to her expedited removal, Morin-Moreno entered the country using a fraudulent passport. The Field Manual provides that "[a]n expedited removal order should ordinarily be issued, rather than permitting withdrawal, in situations where there is obvious, deliberate fraud on the part of the applicant." *Barajas-Alvarado*, 655 F.3d at 1090 (alteration in original) (quoting INS Inspector's Field Manual § 17.2(a) (2001)). As to the other factors, Morin-Moreno had multiple prior findings of inadmissibility. Further, her use of a false passport "establishe[d] intent to violate the law." *Id.* Additionally, she could not easily overcome her ground for inadmissibility because her path for doing so was limited. And, finally, Morin-Moreno had amassed several criminal charges by 2016, including multiple drug-related felonies. *See United States v. Flores*, 901 F.3d 1150, 1162–63 (9th Cir. 2018) (noting that petitioner's "immigration violations, combined with his extensive criminal history" were a "virtually insurmountable

block" for relief).

Nor did any asserted due process errors from Morin-Moreno's 2009 or 2011 removals impact her 2016 expedited removal to sufficiently alter this calculus. In *United States v. Ochoa-Oregel*, we concluded that defects in an earlier removal proceeding "infecte[d]" a defendant's later removal. 904 F.3d 682, 685 (9th Cir. 2018). There, however, the defendant had lost his status as a legal permanent resident as a result of his earlier removal. *Id.* at 684. We specified that "[a] person should not be stripped of the important legal entitlements that come with lawful permanent resident status through a legally erroneous decision that he or she had no meaningful opportunity to contest." *Id.* at 685. By contrast, Morin-Moreno did not lose any status as a result of her 2009 removal. Rather, she alleges she could have renewed a petition for adjustment of status (which was never finalized) based on her husband's citizenship. In 2011, her alleged prejudice resulted from her inability to obtain voluntary departure, a discretionary form of relief. But Morin-Moreno cannot make a plausible showing that the facts of her case would have "cause[d] the Attorney General to exercise [that] discretion" in her favor. *United States v. Nunez*, 140 F.4th 1157, 1169 (9th Cir. 2025) (quoting *United States v. Arce-Hernandez*, 163 F.3d 559, 563 (9th Cir. 1998)). Despite the "positive equities supporting voluntary departure," including that she had a child with an incarcerated father, that she was the victim of domestic abuse, and that she had

health problems, her recent criminal history, particularly her charges for drug possession, weighed heavily against relief. *See id.* at 1169. Thus, any errors in Morin-Moreno's 2009 and 2011 removals are too speculative to "infect" her 2016 removal.

2. Morin-Moreno also challenges § 1326 as violative of equal protection but concedes that this argument is foreclosed by precedent. *See United States v. Carillo-Lopez*, 68 F.4th 1133, 1154 (9th Cir. 2023). Accordingly, we affirm the district court's denial of Morin-Moreno's motion to dismiss on equal protection grounds.

**AFFIRMED.**